MKB:VHT
F. #2007R02181

**M-08-184**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA

     - against -

THOMAS ARCHER and
RUKHSANA RAFIQUE,
     also known as
     "Rukhsana Rukhsana,"

               Defendants.

- - - - - - - - - - - - - - - - -X

SEALED COMPLAINT AND
AFFIDAVIT IN SUPPORT OF AN
APPLICATION FOR AN
ARREST WARRANT

(T. 18 U.S.C. § 1546(a)
and 2)

EASTERN DISTRICT OF NEW YORK, SS:

        ERIC SILVERMAN, being duly sworn, deposes and says that he

is a Special Agent with the United States Department of the Homeland

Security, Immigration and Customs Enforcement ("ICE"), duly

appointed according to law and acting as such.

        Upon information and belief, in or about and between May,

2005 and January, 2007 within the Eastern District of New York and

elsewhere, the defendants THOMAS ARCHER and RUKHSANA RAFIQUE, also

known as "Rukhsana Rukhsana," did knowingly and intentionally,

subscribe as true under penalty of perjury under Section 1546 of

Title 18, United States Code, false statements with respect to

material facts in applications, affidavits and other documents

required by immigration laws and regulations prescribed thereunder,

to wit: United States Department of Homeland Security, United States

Citizenship and Immigration Services ("CIS") forms I-687, and

supporting documentation, and did knowingly present such applications, affidavits, and other documents which contained false statements and which failed to contain any reasonable basis in law or fact.

(Title 18, United States Code, Sections 1546(a) and 2).

The source of your deponent's information and the grounds for his belief are as follows:

1.    I have been a Special Agent with the United States Department of the Homeland Security, Immigration and Customs Enforcement ("ICE") for approximately two and one half years. During my employment with ICE, I have participated in several investigations involving crimes related to violations of immigration laws.  Among other things, I have conducted or participated in physical surveillance and consensual recordings.  I have also deployed confidential informants, executed search warrants, and analyzed immigration files, passports, and various petitions and applications submitted by individuals seeking immigration benefits. Based on my training and experience, I am familiar with various schemes used by individuals who are seeking to fraudulently obtain these immigration benefits.

2.    My investigation has revealed that between approximately May, 2005 and December, 2007, the defendants THOMAS ARCHER and RUKHSANA RAFIQUE, also known as "Rukhsana Rukhsana," engaged in the business of attempting to obtain legal permanent residency for non-U.S. citizens through the preparation and

submission of fraudulent forms I-687 and supporting documentation.
Form I-687 is entitled "Application for Status as a Temporary
Resident Under Section 245A of the Immigration and Nationality Act."
Under Section 245A, an alien who entered the United States prior to
January 1, 1982, and resided continuously in the United States until
November 6, 1986[1], without official immigration status, may apply
for legal permanent residency without prejudice to the applicant's
illegal status.  In addition to the I-687 form, the applicant  must
also submit affidavits from people who can attest that the applicant
has lived continuously in the United States since his or her date of
entry.

3.    As further detailed below, in exchange for fees, the
defendant THOMAS ARCHER, the proprietor of The Law Office of Thomas
W. Archer, Esq., located during the relevant time period at 74-09
37th Avenue, Suite 405, Jackson Heights, Queens and/or at 146-10
Hillside Avenue, Jamaica, Queens, along with the defendant, RUKHSANA
RAFIQUE, also known as "Rukhsana Rukhsana," ARCHER's sole employee,
prepared and subsequently submitted to the United States Citizenship
and Immigration Services ("USCIS"), visa applications pursuant to
Section 245A, which they knew contained fraudulent information.
Specifically, the defendants represented in several applications
that the applicants had entered the United States prior to January
1, 1982, when in fact they had not.  The defendants purposely

---

[1] Under section 245A, "continuously" is defined to exclude
"brief, innocent and casual" departures.

inserted fraudulent dates of entry into the United States, as well as, fraudulent dates of travel into and out of the United States. The defendants also prepared fraudulent supporting documentation, including fraudulent affidavits attesting that the applicants had continuously resided in the United States since 1981 when, in several cases, they had not.

4.    USCIS employs Fraud Detection Units ("FDU") at its various service centers located throughout the United States to identify patterns of fraud in visa and immigration applications.  In this case, the Missouri FDU determined that a number of applications submitted by the Law Office of Thomas W. Archer, Esq. contained a pattern of fraud.  Fraud indicators in the applications included common typographical errors and identical nondescript employment, all of which had been submitted by the Law Office of Thomas W. Archer, Esq.  The Missouri FDU then referred those cases to the Benefit Fraud Unit in Texas ("BFU") to further investigate this suspected fraud.  The BFU determined that between approximately May, 2005 and July, 2007, immigration service centers nationwide received a total of more than 100 I-687 applications filed by the Law Office of Thomas W. Archer, Esq. In Queens, New York, a large number of which were independently denied due to the presence of various fraud indicators, similar to those mentioned above.  Because the applications were submitted by an office within the Eastern District of New York, the BFU referred the case to the Special Agent in Charge of the New York ICE Office of Investigations.

5.    New York ICE Agents have since conducted interviews with five applicants, all of whom hired The Law Office of Thomas W. Archer, Esq. to file I-687 applications stating that they had entered the United States before January 1, 1982.  All have advised that they dealt with either one or both of the defendants in the preparation of the applications.  All of the applicants who were interviewed indicated that RUKHSANA RAFIQUE prepared their I-687 applications, each of which were signed by the defendant THOMAS ARCHER, despite the fact that they each informed the defendants that they entered the United States after January 1, 1982.  The applicants interviewed by agents confirmed that, in or about and between approximately May, 2005 and January, 2007, they each met with the defendants at either 74-09 37th Avenue, Suite 405, Jackson Heights, Queens and/or at 146-10 Hillside Avenue, Jamaica, Queens, where they paid the defendants fees in exchange for the preparation and submission of immigration documents falsely representing that they had entered the United States prior to January 1, 1982 and remained in the United States through the date on the Form I-687 submission.

6.    When interviewed by law enforcement agents all of the applicants reported that they did not remain in the United States for the requisite time period.  They confirmed that the defendants THOMAS ARCHER and RUKHSANA RAFIQUE completed the applications for them and provided fraudulent supporting affidavits, for which the applicants paid fees to the defendants.

7.   Each of the more than 100 Form I-687 applications was accompanied by a Form G-28 which is entitled "Notice of Entry of Appearance as Attorney or Representative" listing the defendant THOMAS ARCHER as the respective applicant's attorney, each bearing what appears to be the defendant THOMAS ARCHER's signature.

8.   During my investigation I noted a particular pattern of fraud present in the applications prepared and submitted by the defendants.  In a number of the Form I-687 applications submitted by the defendants, in the portion of the Form I-687 that requires the applicant to state his or her absences from the United States during the application period, the applicant's first purported return trip to the U.S. almost always corresponds with the only U.S. entry stamp in the applicant's passport, and, in all cases, that date is after 1981 which is typically the applicant's true entry date to the United States.  A few examples are discussed below.

9.   On or about June 6, 2005, the defendants THOMAS ARCHER and RUKHSANA RAFIQUE prepared and submitted a Form I-687 falsely representing that one of their clients (APPLICANT #1), entered the United States before January 1, 1982.  According to the application, APPLICANT #1 resided at an address in Jamaica, Queens from October, 1981 to December, 1990 and had traveled to Pakistan from the United States approximately seven times between March, 1988 and August, 1999.  The government interviewed APPLICANT #1 who informed the government that he had told the defendants that he had not traveled to Pakistan since he had arrived in the United States

and that he was not residing in the United States in October 1981.

10.   On or about June 6, 2005, the defendants THOMAS ARCHER and RUKHSANA RAFIQUE prepared and submitted a Form I-687 falsely representing that one of their clients (APPLICANT #2) entered the United States before January 1, 1982. The application also contained information that APPLICANT #2 resided at an address in Jamaica, Queens from November, 1981 to April, 1989 and traveled to India from the United States approximately five times between January, 1982 and March, 1998.

11.   On or about May 2, 2005, the defendants THOMAS ARCHER and RUKHSANA RAFIQUE prepared and submitted a Form I-687 falsely representing that one of their clients (APPLICANT #3) entered the United States before January 2, 1982, and that APPLICANT #3 resided at an address in Brooklyn, New York from August, 1981 to August, 1989 and that VISA APPLICANT #3 had traveled to India from the United States approximately two times between July, 1987 and July, 1989.   The defendants did so knowing that the above information was false.

12.   APPLICANT #1 agreed to participate in a consentually monitored and recorded meeting with the defendant RUKHSANA RAFIQUE. During that meeting, which took place on or about May 21, 2007, the defendant RAFIQUE acknowledged that she had prepared APPLICANT 1's I-687 application and stated that none of the applications she prepared had been approved.   The defendant RUKHSANA RAFIQUE, acknowledged, in sum and substance, that the application that she

prepared on APPLICANT #1's behalf stated that he/she had entered the United States prior to the 1982 date required under the statute even though defendant RAFIQUE knew that he/she had entered the United States at a later date. The defendant RUKHSANA RAFIQUE further explained that she had listed in APPLICANT #1's application "trips" that APPLICANT #1 had taken to his/her native country that corresponded with the birth dates of his/her children, who still reside in their native country. APPLICANT 1 asked the defendant how they could prove to immigration authorities that he/she had taken the "trips" when he/she had never taken such "trips." The defendant RUKHSANA RAFIQUE replied, in sum and substance, that proof was unnecessary and that " ... no one has provided any proof ... those who have genuine claims even, they could not give any proof."

13. I have personally reviewed dozens of I-687 forms and supporting documents, prepared and submitted by the defendants THOMAS ARCHER and RUKHSANA RAFIQUE, including those applications submitted on behalf of the individuals who were interviewed by law enforcement and who have confirmed that the information provided in the applications as to their date of entry into the United States and other information on the applications were false and that the defendants knew that the information was false. All of the above mentioned I-687 applications were prepared and submitted to the United States Immigration Authorities by the defendants between May 2005 and January 2007.

9

WHEREFORE, your deponent respectfully requests that an arrest warrant issue for the defendants THOMAS ARCHER and RUKHSANA RAFIQUE, also known as "RUKHSANA RUKHSANA," so that they might be dealt with according to law.

ERIC SILVERMAN
Special Agent
Department of Homeland Security
Immigration and Customs Enforcement

Sworn to before me this
26th day of February, 2008

UNI:                          E JUDGE
EAS1                          YORK