```
JAJ:AEG
F.#2007R02181

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -                           Cr. No. 08-288 (S-1)(SJ)

THOMAS ARCHER and
RUKHSANA RAFIQUE,
    also known as
    "Rukhsana Rukhsana,"

            Defendants.

- - - - - - - - - - - - - - - - X
```

GOVERNMENT'S MEMORANDUM OF LAW AND
APPLICATION IN SUPPORT OF MOTION
FOR DEPOSITION PURSUANT TO RULE 15
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York

Andrew E. Goldsmith
Assistant U.S. Attorney
    (Of Counsel)

**Preliminary Statement**

The government respectfully submits this memorandum of law and application in support of its motion to take a videotaped deposition of a witness, pursuant to Rule 15 of the Federal Rules of Criminal Procedure, because of the existence of exceptional circumstances and in the interests of justice. The witness[1] is currently in removal proceedings because the witness is in the United States without legal status. To date, the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, has agreed to adjourn those proceedings to permit the witness to assist the government. The witness would like the proceedings to go forward. The witness intends to accept voluntary departure and return to the witness's home country. The purpose of this application is to preserve the witness's testimony so that it can be introduced at the trial in the above-captioned case. Trial is not yet scheduled, and thus, the witness will likely be unavailable for the trial.

The witness has agreed to provide testimony to be preserved for use at trial. Presenting a videotape of the witness's testimony at trial would enable the jury to examine the witness's demeanor and assist in their assessment of the witness's credibility.

---

[1] If the Court orders a Rule 15 deposition, the government will provide the witness's identity to the defendants. If the Court denies the deposition, the witness may appear at trial, in which case the government will provide the witness's identity to the defendants when it provides them with 3500 material.

The government seeks to conduct a videotaped deposition of the witness at the United States Courthouse located in Brooklyn, New York, on a date and at a time mutually convenient to the parties. Government attorneys would examine the witness and the defendants' attorneys would be permitted to cross-examine the witness. Both defendants could attend the proceedings in person, with the Court's permission, because they are currently free on bail.

I. Background

The defendants, Thomas Archer and Rukhsana Rafique, are charged with one count of conspiring to commit visa fraud in violation of 18 U.S.C. § 371 and four substantive counts of visa fraud in violation of 18 U.S.C. § 1546(a). Archer, a lawyer, and Rafique, his assistant, knowingly prepared and submitted false I-687 applications for status as a temporary resident of the United States on behalf of more than 100 clients. Each substantive count of the indictment relates to one I-687 application.

II. Proposed Testimony

After the witness leaves the United States, the witness will be beyond the Court's subpoena power. However, the witness has agreed to testify at a videotaped deposition before leaving the country. The witness will provide material and relevant testimony based on firsthand knowledge, concerning, among other things, statements made and actions taken by defendant Rafique in

2

late 2005 and early 2006. More specifically, the witness's I-687 application is the foundation for Count Three of the indictment. Accordingly, the witness possesses information that is material and necessary to the prosecution of the instant case.

### **Argument**

Rule 15(a) of the Federal Rules of Criminal Procedure provides, in relevant part:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice . . . .

Fed. R. Crim. P. Rule 15(a)(1).

A Rule 15 deposition may be used whenever, due to exceptional circumstances of the case, it is in the interests of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial. United States v. Gigante, 166 F.3d 75, 81 (2d Cir. 1999).

Exceptional circumstances for the taking of a deposition exist when a witness has material information and is unavailable to appear at trial. United States v. Johnpoll, 739 F.2d 702, 709 (2d Cir. 1984); United States v. Korolkov, 870 F. Supp. 60, 64 (S.D.N.Y. 1994).

Unavailability is defined by reference to Rule 804(a) of the Federal Rules of Evidence, which includes situations in which a witness "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance

3

. . . by process or other reasonable means." The decision to permit a deposition under Rule 15 rests within the sound discretion of the trial court, and will not be disturbed absent clear abuse of discretion. Gigante, 166 F.3d at 81.

A movant must show that (1) the prospective witness is unavailable for trial, (2) the witness's testimony is material and (3) the testimony is necessary to prevent a failure of justice. United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001).

I.   Witness Unavailiability

A witness located outside the United States is unavailable because the government cannot secure the witness's testimony at trial due to the territorial limits of the government's subpoena power. See, e.g., United States v. Drogoul, 1 F.3d 1546, 1557-58 (11th Cir. 1993) (government should have been permitted to take depositions in Italy because it could not subpoena the witnesses); United States v. Kelly, 892 F.2d 255, 262 (3rd Cir. 1989) (government had no power to compel foreign witnesses to attend trial in United States; it was reasonable to depose the witnesses in Belgium); United States v. Finkielstain, 1989 WL 39685 (S.D.N.Y. Apr. 18, 1989) (Mukasey, J.) (witness, scheduled to leave United States prior to trial, "could be detained pursuant to the Material Witness Statute, his detention without charge for close to three months raises humanitarian, if not due process considerations, thereby making the circumstances

4

surrounding the gathering of [the witness's] evidence exceptional. Of course, if [the witness] is not detained, in all likelihood he will return to Uruguay well before the trial date, making it impossible for the government to produce Lecueder at trial despite its good-faith efforts to do so" (citations omitted)); United States v. Moon, 93 F.R.D. 558, 559-560 (S.D.N.Y. 1982) (granting defense application to depose witnesses in Japan who were unavailable because they were "neither presently residing in the United States nor subject to the [Court's] subpoena power" and they would not travel to the United States).

In the instant case, the witness will leave the country and will therefore be beyond the Court's subpoena power and "unavailable" for purposes of Rule 804 of the Federal Rules of Evidence.

## II. Materiality and Failure of Justice

"The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." Drogoul, 1 F.3d at 1552.

The witness's proposed testimony is material. The witness will testify based on firsthand knowledge about statements made and actions taken by defendant Rafique in late 2005 and early 2006. See, e.g., Finkielstain, 1989 WL 39685, at

5

\*1 (where defendants were alleged to have committed fraud using certain shell corporations, testimony of accountant who created corporations was material without more under Rule 15(a)). Indeed, without the witness's testimony, the government would likely be unable to prove Count Three of the indictment. Therefore, the witness's testimony is material and necessary to prevent a failure of justice.

III. The Defendants' Confrontation Rights

Rule 15(c)(2) provides that a defendant who is not in custody has the right "upon request" to be present at a deposition. Here, the defendants are free on bail and able to be present at the deposition, if they so request, with the Court's permission.

Thus, under the circumstances, a fair balance will be struck by permitting the defendants to personally attend, if they so request, a videotaped deposition of the witness.

IV. Admissibility

The Court need not address the question of admissibility of the videotaped deposition at the same time that it decides the government's request. See, e.g., United States v. Sines, 761 F.2d 1434, 1439 (9th Cir. 1985). However, the government expects that the proposed deposition will be admissible at trial pursuant to the Federal Rules of Evidence as contemplated by Rule 15(g). Additionally, Rule 804(b)(1) of the

6

Federal Rules of Evidence provides for admission of prior testimony of an unavailable witness if the opposing party had the opportunity to cross-examine the witness.

## Conclusion

Based on the above, the government respectfully requests that the Court enter an order directing that the government take the deposition of the witnes pursuant to Rule 15 of the Federal Rules of Criminal Procedure.

Dated:   Brooklyn, New York
         April 27, 2009

                                    Respectfully submitted,

                                    BENTON J. CAMPBELL
                                    United States Attorney
                                    Eastern District of New York


                              By:      /s/
                                    Andrew E. Goldsmith
                                    Assistant U.S. Attorney
                                    (718) 254-6498

cc:  Karina Alomar, Esq. (by ECF and facsimile)
     Mildred Whalen, Esq. (by ECF and hand)

7