# ALOMAR & ASSOCIATES, PC
## ATTORNEYS & COUNSELORS AT LAW

**KARINA E. ALOMAR, ESQ**
*ALSO ADMITTED IN NJ, FL
E-Mail: alomar.associatespc@gmail.com

60-89 Myrtle Avenue
Ridgewood, N.Y. 11385
Tel: (718) 456-1845
Fax: (718) 386-9299

May 6, 2009

The Honorable Sterling Johnson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: USA v. Thomas Archer and Rukhsana Rafique
08 -MJ-184 (LB)

Dear Judge Johnson:

Please accept this letter as the Defendant, Thomas W. Archer's opposition to the Government's memorandum of law requesting that it be granted permission to conduct a videotaped deposition of its witness in lieu of live testimony.

### I.   Preliminary Statement

Rule 15 (a)(1)of the Federal Rules of Criminal Procedure provides that in exceptional circumstances, and if it is in the interest of justice, the testimony of a prospective witness may be taken by deposition and preserved for use at trial  However, case law is clear that a Court's discretion to permit the deposition testimony of a witness in a criminal case is not broad and instead must be exercised carefully. *United States v. Mann, 590 f.2d 361 365 (1st Cir. 1978)*. Thus, in order to establish "exceptional circumstances" "movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice," *United States v. Cohen, 260 F. 3d 68, 78 (2d Cir. 2001) (quoting United States v. Singleton, 460 F.2d 1148, 1154 (2d Cir. 1972); United States v. Johnpoll, 739 F.2d 702, 708-9 (2d. Cir. 1984); United States v. Vilar, 568 F. Supp. 2d 429; 437; 2008 U.S. Dist. LEXIS 59935 (S.D.N.Y. July 31, 2008)*. In the instant case it is the Defendant's position that the Government has not shown that exceptional circumstances exist and as such that the Government's motion should be denied.

## II. The Government has failed to demonstrate that the proposed witness is unavailable to testify at trial.

The prospective witness that the Government is seeking to depose presently resides in New York and as such is within this Court's jurisdiction. . Although the proposed witness does not have legal status in the United States, the Government has conceded that there are no present proceedings to remove the witness from the United States and that he is not in custody. In fact, the Government has acknowledged that the Homeland Security, Bureau of Immigration and Customs Enforcement has adjourned the witness's removal proceedings to permit the witness to cooperate with the government, as such the witness is not being forced to leave the United States.

The Government has indicated that although the prospective witness is available that they want to depose him because they are concerned that he will become unavailable. The Government has stated in Court that their prospective witness should be deposed not because the witness will be unavailable at trial but because the witness wants to accept the immigration privilege of voluntary departure prior to the trial date and return to his country so as to not deal with the instant proceedings.

A witness' desire to leave the United States without a showing that the witness is in fact about to leave the United States is not a basis to grant a request for a deposition pursuant to Rule 15. All of the cases cited by the Government where it has been granted permission to depose their witness have occurred because the witness is already out of the country having advised the Government that they have no intention of traveling to the United States for the purpose of testifying,(*United States v. Johnpoll, 739 F.2d 702 {2d Cir. 1984]; United States v. Korolkov, 870 F. Supp 60[ S.D. N.Y. 1994]; united States v. Drogoul, 1 F.3d 1546 [11th Cir. 1993]; United States v/ Kelly,. 892 F.2d [3rd Cir.,1989])*; or the witness was visiting the United States scheduled to leaving the country prior to trial, *(United States v. Finkielstain, 1989 WL39685[S.N.Y. Apr. 15, 1989][Mukasy, J])*; or the witness was dying and it was medically harmful for the witness to travel in order to testify(*United States v. Gigante, 166 f.3d 75 [2d Cir. 1999]*. . . In the instant situation the Government's prospective witness is in the United States with no need to leave the United States. The Government argument that the witness should be deposed because the witness wants to return to his country in order to see his wife and children is not a sufficient basis to warrant the witnesses' deposition. The fact that a witness wants to leave does not mean that the witness will leave and will be unavailable for trial. While it is understandable that the witness misses his family the reality is that it is unlikely that the witness will leave the United States solely because he misses his family when the witness has lived in the United States since 1981 as he swore under oath.

## III. The Government has not made a showing that while the proposed witness's testimony is material and  that a failure of justice would result if the witness was not deposed

According to the Government the witness will be only testifying as to one of the four individual counts in the superseding indictment where it is alleged that the

defendants committed visa fraud. The proposed witness is one of the individuals that the Government claims that based on the defendants alleged advice falsely signed an immigration form under oath stating that they had lived in the United States since 1981. Thus, the testimony of Government's proposed witness is suspect as the witness has never been indicted and instead has been offered a benefit to testify against the defendants. Courts have consistently held that a deposition in a criminal case is an extraordinary procedure, and as such it will not be allowed where the testimony to be elicited is not indispensable or necessary to prevent failure of justice, especially when the witness to be deposed is an un-indicted co-conspirator and if he were called his testimony would be subject to a jury instruction that it should be received with caution and scrutinized with care. See *United States v. Mitchell (1974, DC Dist Col) 385 F. Supp 1190, affd, en banc (1976, App DC) 181 US App DC 254, 559 F2d 31, 1 Fed Rules Eviud Serv 1203, cert de n (1977) 431 US 933, 53 L Ed 2d 250, 97 S Ct 2641, reh den (1977) 433 US 916, 53 L Ed 2d 1103, 97 S Ct. 2992.*

The extent of the benefits that the Government has extended to the proposed witness is unknown at this time. However the proposed witness is at minimum being offered two benefits, namely that it is not being prosecuted and it is being granted the privilege of voluntary departure. The Government is alleging that the defendants advised the prospective witness to perjure himself by signing a document under oath that he has lived in the United States since 1981 however the Government is not prosecuting the proposed witness; instead the proposed witness in addition to not being prosecuted is being granted the privilege of voluntary departure.

Voluntary departure is a form of discretionary relief that allows an eligible alien "…either before the conclusion of removal proceedings or after being found deportable … to leave the country willingly." *Dada v. Mukasey128 S.Ct 2307,2312, 171 L. Ed.2d 178(2008); 8 U.S.C.§1229c.* An alien may be eligible for voluntary departure if he has not been convicted of an aggravated felony or deemed a terrorist. *.§1229c(a)(1).* However, 8 USCS § 1101 lists perjury as an aggravated offense which would not entitle an alien to voluntary departure.

Voluntary departure is deemed a privilege and not a right because it benefits the alien. The alien is benefited because in a deportation the alien would be in custody while the government obtains the necessary travel documents yet if the alien is granted voluntary departure the alien is able to put their affairs in order without fear of being taken into custody; the alien is further able to choose their destination point, and is allowed to choose when to depart (subject to certain restraints), *Dada v. Mukasey at 2314.* By departing voluntarily the alien would not be subject to criminal prosecution under *8 USCS §1326* if they were to re-enter the country without permission and could be able to adjust status without necessarily having to wait the five or ten year period for readmission that they would have to wait if they were instead deported

### IV. The Defendant's Sixth Amendment right to effectively confront the witness would be greatly diminished if the Government's motion were granted.

Although the Government states that the Defendant would be able to cross examine the prospective witness at the deposition, the fact is that the cross examination would not be effective. Even if the Government were to provide the defense with what it believed was the witness' 3500 material prior to his deposition, no effective cross examination could take place. It is highly likely when the Government later provides the defense with the entire 3500 material it is entitled to as well as charts the Government is intending to introduce and all its other evidence that included in the material will be information that would be useful in cross examining the Government's proposed witness. Thus, the Defendant would not be able to confront its witness in the same effective manner that it would if the witness were to testify at trial.

### V. The Defendant's Sixth Amendment right to compulsory process would be violated if the Government were permitted to depose their witness rather than have the witness testify at trial.

The Sixth Amendment of the United States Constitution provides a defendant the right of compulsory process for obtaining witness in their favor. *U.S. Const. amend. VI.* Compulsory process was described in the case of Washington v. Texas, 388 U.S.14, *18L.Ed 2d 1019, 87 S. Ct. 1920(1967) (Warren, CJ)* as "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witness for the purpose of challenging their testimony he has the right to present his own witnesses to establish a defense." Id.at 19

It is the Defendant's position that part of the testimony of the Government's prospective witness will support the defenses that the Defendant is seeking to assert at trial. The Defendant's rights will be violated if the witness is allowed to move outside the Court's subpoena power prior to trial as the items that are covered at a deposition may not necessarily cover every significant aspect as it develops at trial. *See United States v. Huang 827 F. Supp 945, 1993 U.S. Dist. Lexis 698*

### VI. Conclusion

Wherefore for all the reasons set forth herein it is respectfully requested that the Government be denied its motion to depose the witness and introduce the deposition testimony at trial in lieu of live testimony.

Very truly yours,

KARINA E. ALOMAR