**U.S. Department of Justice**



United States Attorney
Eastern District of New York

JAJ:AEG
F.#2007R02181

271 Cadman Plaza East
Brooklyn, New York 11201

May 18, 2009

**By Hand and ECF**

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  United States v. Thomas Archer et al.
>      Criminal Docket No. 08-288 (SJ)

Dear Judge Johnson:

    The government respectfully submits this reply in support of its motion to take a videotaped deposition of a witness, pursuant to Rule 15 of the Federal Rules of Criminal Procedure, because of the existence of exceptional circumstances and in the interests of justice.

    Defendants Thomas Archer and Rukhsana Rafique oppose the government's motion on the grounds that (1) the government has not demonstrated that the witness will be unavailable for trial, (2) the government has not shown that the loss of the witness's testimony would result in a failure of justice and (3) the defendants' right to confront the witness would be hindered by a Rule 15 deposition. Defendant Archer also contends that (4) his right to compulsory process would be violated by a deposition. These arguments are meritless, and the Court should grant the government's motion.

I.  Witness Unavailability

    The defendants correctly observe that the witness is available now. But no trial date has been set, and the defendants' various motions *in limine* are pending. The government has reason to believe that the witness will not be available by the time trial is held.

    The witness is currently in removal proceedings because the witness is in the United States without legal status. The Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"), has agreed to adjourn those

proceedings to permit the witness to assist the government. The witness, however, would like the proceedings to go forward so that he can accept voluntary departure and return to his home country where his wife and child live.[1]

The defendants are charged with knowingly preparing and submitting false applications for status as a temporary resident of the United States on behalf of more than 100 clients. Because of the nature of the defendants' crime, nearly all witnesses against them lack legal status in the United States. The government has already lost one potential witness because that witness left the United States. Although the witness at issue here has remained in the United States to date, he has the ability to leave at any time. He would then undeniably be unavailable for trial, but it would also be too late to conduct a deposition. As Judge Mukasey noted in <u>United States v. Finkielstain</u>, 1989 WL 39685 (S.D.N.Y. Apr. 18, 1989), the witness "could be detained pursuant to the Material Witness Statute, [but] his detention without charge . . . raises humanitarian, if not due process considerations, thereby making the circumstances surrounding the gathering of [the witness's] evidence exceptional."

II. <u>Materiality and Failure of Justice</u>

The witness's proposed testimony is material. The witness will testify based on firsthand knowledge about statements made and actions taken by defendant Rafique in late

---

[1] Defendant Archer asserts that the witness wants to return to his country "so as not to deal with the instant proceedings." (Letter from Karina Alomar to the Hon. Sterling Johnson, May 6, 2009, at 2 ("Archer Br.")). To the government's knowledge, that is not the witness's reason for wanting to leave the United States. Defendant Archer asserts that "it is unlikely that the witness will leave the United States solely because he misses his family when the witness has lived in the United states since 1981 as he swore under oath." (Archer Br. 2). Residence in the United States since 1981 was one of the requirements of the program for which the defendants prepared fraudulent applications on behalf of the witness and others. The witness has in fact lived in the United States for slightly more than 10 years. Defendant Archer suggests that the government is extending the witness a benefit by permitting him to voluntarily depart. (Archer Br. 3). Aside from asking ICE to adjourn the proceedings temporarily, the Department of Justice has no role in the witness's removal proceedings.

2

2005 and early 2006.  Without the witness's testimony, the government would likely be unable to prove Count Three of the indictment.  The defendants argue that, because the government has brought three other substantive counts of visa fraud, the witness's testimony would be "cumulative."  (Letter from Mildred Whalen to the Hon. Sterling Johnson, May 5, 2009, at 3).  Whether the witness's testimony is cumulative goes to its admissibility, and the Court need not address the question of admissibility of the videotaped deposition at the same time that it decides the government's request.  See, e.g., United States v. Sines, 761 F.2d 1434, 1439 (9th Cir. 1985).  The government expects that the proposed deposition will be admissible at trial pursuant to the Federal Rules of Evidence as contemplated by Rule 15(g).[2]

III.  The Defendants' Confrontation Rights

The defendants assert that a deposition would not adequately protect their confrontation rights, because they would not be able to cross-examine the witness with the benefit of other evidence that will appear at trial.  The defendants cite no authority for this argument, which the Court should reject.  The defendants' argument would preclude all depositions in all cases and render Rule 15 a nullity.

IV.  The Defendants' Right to Compulsory Process

Defendant Archer argues that his right to compulsory process would be violated by a deposition because the witness will provide testimony helpful to him, which may be lost if the witness leaves the United States after the deposition.  Archer cites no authority for the proposition that an individual's potential status as a defense witness is a bar to the government's taking that individual's deposition pursuant to Rule 15.  In United States v. Huang, 827 F. Supp. 945, 946 (S.D.N.Y. 1993) (cited at Archer Br. 4), the government detained four individuals as material witnesses and took their depositions.  Following the depositions, the court granted the defendants' motion to prevent the unconditional release of the individuals because they might be called as defense witnesses.  Id.  If

---

[2] Defendant Archer cites a case in which the court denied a defense motion to take a Rule 15 deposition of a former President of the United States, who was then in poor health.  See United States v. Mitchell, 385 F. Supp. 1190, 1191 (D.D.C. 1974), aff'd sub nom. United States v. Haldeman, 559 F.2d 31 (D.C. Cir. 1976) (en banc) (cited at Archer Br. 3).  The reasoning in that case must be limited to its extraordinary facts.

anything, this case suggests that the Court should grant the government's motion permitting a deposition. If, after the deposition, either defendant expects to use the witness in the defense case, the defendant(s) can ask the Court for appropriate relief.

*   *   *

Based on the above, the government respectfully requests that the Court enter an order directing that the government take the deposition of the witness pursuant to Rule 15 of the Federal Rules of Criminal Procedure.

    Respectfully submitted,

    BENTON J. CAMPBELL
    United States Attorney
    Eastern District of New York

By:     /s/
    Andrew E. Goldsmith
    Assistant U.S. Attorney
    (718) 254-6498

cc: Karina Alomar, Esq. (by facsimile and ECF)
    Mildred Whalen, Esq. (by hand and ECF)