FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 2 3 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

UNITED STATES OF AMERICA,

                          v.

THOMAS ARCHER and
RUKHSANA RAFIQUE,

        Defendants.

-------------------------------------------------X

08 CR 288 (SJ)

MEMORANDUM
AND ORDER

A P P E A R A N C E S

UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Andrew Goldsmith

ALOMAR & ASSOCIATES, P.C.
60-89 Myrtle Avenue
Ridgewood, NY 11385
By:    Karina Alomar
Attorney for Thomas Archer

FEDERAL DEFENDERS OF NEW YORK, INC.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
By:    Mildred Whalen
Attorney for Rukhsana Rafique

P-049

JOHNSON, Senior District Judge:

In this criminal action, defendants Thomas Archer ("Archer"), an attorney, and Rukhsana Rafique ("Rafique"), an assistant in his employ (collectively "Defendants") are charged in a five count superseding indictment with conspiracy to commit visa fraud (Count One) and with four counts of visa fraud (Counts Two - Five). The government has moved, in limine, to take a videotaped deposition of an as yet-unidentified witness (the "Witness"), pursuant to Federal Rule of Criminal Procedure 15, and to present the Witness' deposition testimony at trial. Based upon the submissions of the parties, and for the reasons stated below, the motion is granted in part and denied in part.

This memorandum briefly addresses the parties' claims.

BACKGROUND

Defendants are charged with knowingly and willfully conspiring to submit and with submitting false statements in applications for United States visas prepared by them on behalf of more than 100 clients, in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1546(a). One such application, the I-687 that forms the basis of Count Three, was prepared on behalf of the Witness. According to the government, the Witness is currently in removal proceedings and would like those proceedings to go forward. The Department of Homeland Security, Bureau of Immigration and Customs Enforcement, has agreed to stay those proceedings to facilitate the Witness'

participation in the instant action. Nevertheless, the government argues that the Witness will be beyond the Court's subpoena power once deported (and thus unavailable) and that the evidence offered by the Witness will be "material and relevant testimony based on firsthand knowledge, concerning . . . statements made and actions taken by defendant Rafique." (Gov't Mot. at 2-3.)

In response, Defendants argue that the government has failed to demonstrate that the Witness will be unavailable for trial (a date for which has yet to be set); that their right to confront the witness "would be greatly diminished" if the only opportunity for cross-examination was at a deposition held prior to their review of all of the evidence; and that there would be no failure of justice if the government failed to prove Count Three, the substantive count related to the Witness' testimony.

## DISCUSSION

Federal Rule of Criminal Procedure 15(a) ("Rule 15(a)") permits the taking of a deposition "in order to preserve testimony for trial" where there are "exceptional circumstances" and where leave to take such deposition would be "in the interest of justice." Fed. R. Crim. P. 15(a). The Court must evaluate the materiality of the proposed testimony in making this determination, and "[a]s a general matter, the decision to order the taking of a deposition shall be made in the context of the circumstances of the particular case." United States v. Finkielstain, 1989 WL 39685, at *1 (S.D.N.Y. Apr. 18, 1989) (internal citation omitted).

*Materiality*

Here, the Witness is present in the United States without legal status and his or her I-687 application is the basis for Count Three. The government has represented that the Witness will offer evidence of events and statements made in preparation of that I-687, making his or her testimony material to the government's case, which Defendants do not dispute. The fact that the Witness' testimony may not bear on every single count charged does not diminish the materiality of the testimony. See United States v. Dunseath, 1999 WL 165703, at *2 (S.D.N.Y. 1999) (motion to depose granted where Witness' testimony related only to one count of indictment); cf. United States v. Korolkov, 870 F. Supp. 60, 65 (S.D.N.Y. 1994) (granting motion to depose seven witnesses as to seven separate wire transfers). Therefore, Defendants' argument that the Witness' testimony is not material is without merit.

*Witness Availability*

A deposition testimony taken pursuant to Rule 15(a) may be admitted at trial "if the witness is unavailable," and that unavailability is determined by reference to the Federal Rule of Evidence 804(a)(4). United States v. Gigante, 166 F.3d 75, 81 (2d Cir. 1999). Courts have determined witness availability by considering factors such as the Witness' health, amenability to service of process via statute or treaty, the Witness' willingness to testify at trial, the expense, and the likelihood of

conviction without the Witness' testimony. See id.; see also United States v. Johnpoll, 739 F.2d 702 (2d Cir. 1984), United States v. Korolkov, 870 F. Supp. 60 (S.D.N.Y. 1994). Because these cases, cited by the government, involve witnesses physically located abroad, unwilling to travel, or unable to travel, Defendants argue that "exceptional circumstances" have not been demonstrated in this case, where the Witness is presently in the United States.

However, "[w]e must remember . . . that unavailability is not the focus *per se* of Rule 15(a). Unavailability is required for *use* of the deposition at trial. . . . All that is necessary to *take* depositions is a showing that exceptional circumstances exist and that justice would be served by preserving the deposition testimony." United States v. Drougal, 1 F.3d 1546, 1557 (11 Cir. 1993) (emphases in original); see also Dunseath, 1999 WL 165703, at *2 (S.D.N.Y. 1999) (finding of exceptional circumstances does not require finding of witness unavailability). At this time, it is not possible to determine whether the Witness will be available at trial. See Drougal, 1 F.3d at 1557. Therefore, the interest of justice would be furthered by permitting the government to depose the Witness. The parties are free to "pursue with [the Witness] his availability for trial in the course of the deposition and raise the issue at trial." Dunseath, 1999 WL 165703, at *2.

P-049

*Confrontation Clause*

Contrary to Defendants' assertions, their rights under the Sixth Amendment's Confrontation Clause are not violated by this decision because Defendants would be still be permitted to cross examine the Witness. See, e.g., Gigante, 166 F.3d 75; see also Johnpoll, 739 F.2d at 710 ("The Confrontation Clause does not preclude admission of prior testimony of an unavailable witness . . . provided his unavailability is shown and the defendant had an opportunity to cross examine him."). Therefore, this argument, too, is without merit.

## CONCLUSION

The government's motion to take a videotaped deposition of the Witness is hereby granted. However, because the Court has insufficient information at this juncture to determine the Witness' availability for trial, the government's motion to admit the Witness' deposition in lieu of live testimony must be denied, with leave to re-file following the Witness' deposition.

SO ORDERED.

Dated: June 22, 2009
Brooklyn, NY

/s/(SJ)
_____
Sterling Johnson, Jr.
Senior United States District Judge