

U.S. Department of Justice

United States Attorney
Eastern District of New York

JAJ:AEG/SD
F.#2007R02181

271 Cadman Plaza East
Brooklyn, New York 11201

November 8, 2009

**By Hand and ECF**

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Thomas Archer et al.
           Criminal Docket No. 08-288 (S-1)(SJ)

Dear Judge Johnson:

      The government respectfully files this motion <u>in limine</u> for the admission at trial in the above-referenced case of the videotaped deposition taken pursuant to the Court's Order of June 22, 2009. Trial is scheduled to begin November 16, 2009.

      The defendants, Thomas Archer and Rukhsana Rafique, are charged with one count of conspiring to commit visa fraud in violation of 18 U.S.C. § 371 and four substantive counts of visa fraud in violation of 18 U.S.C. § 1546(a). Archer, a lawyer, and Rafique, his assistant, knowingly prepared and submitted false I-687 applications for status as a temporary resident of the United States on behalf of more than 100 clients. Each substantive count of the indictment relates to one I-687 application.

      Count Three of the indictment relates to the I-687 application that the defendants prepared and submitted on behalf of Rahul Gupte, the witness who was deposed pursuant to Fed. R. Crim. P. 15. On April 27, 2009, the government moved the Court for permission to take Mr. Gupte's deposition. The government proffered that Mr. Gupte would provide material and relevant testimony based on firsthand knowledge, concerning, among other things, statements made and actions taken by defendant Rafique in late 2005 and early 2006. The government argued that the deposition was warranted because at the time, Mr. Gupte, who was present in the United States without legal status, was in removal proceedings. The government had asked the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), to adjourn those proceedings to permit the witness to assist the government, and ICE had done so. Nonetheless, Mr. Gupte wanted the

proceedings to go forward. He intended to accept voluntary departure and return to his home country. A trial date had not yet been set. Both defendants opposed the government's motion, arguing that Mr. Gupte was not yet unavailable for trial and that they could not properly cross-examine him in advance of trial. On June 22, 2009, the Court granted the government's application to take Mr. Gupte's deposition but declined to rule on whether it would be admitted at trial, granting the government leave to move for its admission following the deposition.

On August 11, 2009, Mr. Gupte was deposed. The proceedings were recorded by a court reporter and a videographer. Both defendants and their counsel were present throughout the deposition. Counsel for Mr. Gupte was also present but did not participate. In total, the government examined Mr. Gupte for 43 minutes, counsel for Archer cross-examined Mr. Gupte for 1 hour and 44 minutes, and counsel for Rafique cross-examined Mr. Gupte for 1 hour and 19 minutes. Although the government provided defense counsel with 3500 material in advance of the deposition, defense counsel asserted that standard government practice suggested that certain additional materials should exist. The government agreed that it would look for those materials and, if any were found, continue the deposition to permit additional cross-examination based on them.

In approximately early September, the government determined that no additional materials existed. Mr. Gupte's next scheduled immigration court date after that determination was made was September 11, 2009. The government asked ICE to adjourn the proceedings so that the government could notify defense counsel of its intention to serve Mr. Gupte with a trial subpoena and then permit him to seek voluntary departure. The adjournment was intended to create a period of time between the government's notice to the defense and the next immigration court date in which defense counsel could seek whatever relief they deemed appropriate from the Court. ICE adjourned Mr. Gupte's immigration proceedings to September 29, 2009.

On September 14, 2009, the government provided the Court and defense counsel with the above-described notice. On the same day, a special agent of Immigration and Customs Enforcement called Mr. Gupte, who agreed to meet the agent the following morning. The agent intended to serve Mr. Gupte with a trial subpoena at that meeting. At approximately 9:14 p.m. that night, pursuant to a "watch" the agent had placed on Mr. Gupte, an automatic notification was sent to the agent by email stating that Mr. Gupte was listed on the manifest of a flight scheduled to depart New York that day on Air India Flight 140. The email

did not indicate the flight's destination or scheduled departure time, which were Mumbai, India and 9:30 p.m., respectively. The agent received the email notification at approximately 9:33 p.m. The flight actually departed at 9:43 p.m. At approximately 10 a.m. the following day, the agent went to Mr. Gupte's home as previously arranged. Mr. Gupte was not there.

Pursuant to Fed. R. Crim. P. 15(f), a party may use all or part of a deposition taken under that rule "as provided by the Rules of Evidence." A witness's deposition testimony is admissible if the opposing party had an opportunity to cross-examine the witness at the deposition and the witness is unavailable for trial. See Fed. R. Evid. 804(b). A witness is unavailable if the proponent of his deposition testimony has been unable to procure his attendance at trial "by process or other reasonable means." See Fed. R. Evid. 804(a)(5). A witness will not be deemed unavailable if his "absence is due to the procurement or wrongdoing of the proponent of [the deposition testimony] for the purpose of preventing the witness from attending or testifying." Fed R. Evid. 804(a).

Mr. Gupte's deposition testimony is admissible at trial because the government cannot procure his attendance by process or other reasonable means. Moreover, Mr. Gupte's absence is not a result of government wrongdoing intended to prevent Mr. Gupte from attending the trial. In United States v. Rivera, 859 F.2d 1204, 1205-06 (4th Cir. 1988), the court upheld the admission of depositions of illegal aliens who later left the country rather than face deportation proceedings. The court noted, "If the court had denied the motion for depositions, these alien material witnesses would have been incarcerated for more than three months, even though they were neither indicted nor convicted of a crime." Id. at 1207. The court concluded that the witnesses were unavailable for trial and that the witnesses had left the country on their own initiative, not through any improper government action. See id. at 1207.[1] Similarly, in United States v. Terrazas-Montano, 747 F.2d 467, 468 (8th Cir. 1984), upheld the admission of the deposition testimony of illegal aliens who began a hunger strike after they were jailed as material witnesses. After the deposition, the aliens were deported. See id.

---

[1] In Rivera counsel for the witnesses moved for the taking of the depositions, but the government supported the motion. See id. at 1205-06.

The situation here similar to that in <u>Rivera</u>. The government took steps to postpone Mr. Gupte's removal proceedings. The government then sought the deposition of Mr. Gupte and the deposition was taken with the participation of defendants and defense counsel. The government attempted to serve Mr. Gupte with a trial subpoena, but, without notice to the government, he left the country before service could be effected. If the government had attempted to incarcerate Mr. Gupte as a material witness instead of seeking to depose him, that incarceration would have lasted nearly seven months -- twice as long as the period deemed inappropriately long in <u>Rivera</u>. Mr. Gupte is unavailable within the meaning of Fed. R. Evid. 804, and his deposition testimony is therefore admissible.

        Respectfully submitted,

        BENTON J. CAMPBELL
        United States Attorney
        Eastern District of New York

By:      /s/
     Andrew E. Goldsmith
     Assistant U.S. Attorney
     (718) 254-6498

cc:  Karina Alomar, Esq. (by facsimile and ECF)
    Mildred Whalen, Esq. (by hand and ECF)