# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

---

Leonard F. Joy
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

November 9, 2009

The Honorable Sterling Johnson
Senior U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

By Fax and Hand Delivery

Re: <u>U.S.A. v. Thomas Archer and Rukhsana Rafique, 08-CR-288 (s-1) (SJ)</u>

Your Honor:

This is to request that the Court hold a hearing on Thursday, November 11, 2009, as to why individuals from the U.S. Department of Homeland Security should not be held in contempt. The Department of Homeland Security is now refusing to provide the government with copies of immigration files previously identified in this case, and thus preventing the government from providing them to defense counsel. The government agreed to provide these files to defense counsel in a status conference on June 22, 2009, and that agreement was incorporated into a Court order dated July 20, 2009. The individuals from the Department of Homeland Security are clearly acting in contempt of the Court's order, and should be ordered to provide copies of these files to the government to provide to defense counsel immediately, or be held in contempt.

**1. Background.**

The defense made a discovery demand for copies of the applications prepared by the defendants in a letter dated July 21, 2008. The applications were provided by the government, and after reviewing these applications and some related correspondence, the defense moved in its letter of December 12, 2008, for copies of the entire immigration files of the applicants. The defense made this motion noting that notices of intent to deny the CSS Legalization program applications often made reference to prior applications (sometimes multiple prior applications) of the applicants or statements made by the applicants at Immigration interviews. It appeared that these prior applications and statements were often the basis for denial of the instant application. The defense argued that these prior applications and statements demonstrated an intent to defraud the Immigration Service by the applicants, not the defendants, and should be provided to the defense as <u>Brady</u> material.

In its response to the defense motions, the government agreed to make the "A" files available to the defense for review, but not wholesale copying. Defense counsel for the defendants

agreed to split the job of reviewing the 178 "A" files and agreed that each would provide the Court and the government with a list of the individuals, if any, whose files demonstrated a prior intent to defraud the Immigration Service.

The defense reviewed the files and found that the files demonstrated a prior intent to defraud on the part of many of the applicants. Many of the files contain prior CSS Legalization applications, many contain prior spousal legalization applications that were found to be fraudulent or raise real concerns about fraud, and some contain prior fraudulent asylum claims. Defense counsel for Ms. Rafique filed a supplemental letter motion, dated March 16, 2009, listing the immigration files that it had reviewed and believed contained Brady material. The list was enclosed as exhibit B to that supplemental letter motion.

At the status conference held on June 22, 2008, the government agreed to provide defense counsel with the complete immigration files of those individuals listed in exhibit B and files to be identified by counsel for Mr. Archer. A trial date of November 9, 2009 was set.

The Court then issued an order on July 20, 2009, that "the parties have resolved all discovery disputes on the record at the June 22, 2009 conference." Counsel for defendant Thomas Archer provided a list of the applicants that they believed demonstrated an intent to previously commit immigration fraud in a letter dated July 10, 2009, filed with the Court on July 20, 2009.

At the status conference held on October 20, 2009, defense counsel for Ms. Rafique notified the Court that defense counsel had not yet received copies of the complete immigration files for the individuals requested. The government indicated that the files were still being prepared. At this point, the trial was approximately one month away, the trial date having been adjourned to November 16, 2009 on September 30, 2009.

## 2. The acts of contempt.

In a telephone conversation on Saturday, November 7, 2009, Assistant U.S. Attorneys Andrew Goldsmith and Soumya Dayananda informed defense counsel for Ms. Rafique that the Department of Homeland Security, which had originally agreed to prepare copies of the files for defense counsel, was now refusing to do so. Furthermore, the Department of Homeland Security was refusing to permit the Assistant U.S. Attorneys to provide copies to defense counsel as well. Upon information and belief, after the defense counsel review of the immigration files in March 2009, these files were returned to the Department of Homeland Security and currently are in that Department's custody.

The Department of Homeland Security is clearly in violation of the Court's order of July 20, 2009, that all discovery disputes had been resolved on June 22, 2009. Upon information and belief, the Department of Homeland Security has been aware of its obligation to provide copies of these files for months and has mislead the Assistant U.S. Attorneys into believing that they were going to be able to comply with the Court's order of July 20, 2009. Furthermore, the Department

of Homeland Security has never made a motion or requested a hearing to explain why they opposed providing copies of the files to defense counsel; they simply have now refused to do so in clear violation of a Court order.

This decision to ignore and defy this Court order will prevent the defense from effectively preparing for trial and effectively defending their clients. The fact that the Department of Homeland Security has done this at the last minute, with no prior notice, has ambushed the defendants. We also believe that this is a <u>Brady</u> violation on the part of the Department of Homeland Security. The extensive evidence in these files of the efforts of the applicants to previously defraud the Immigration Service is exculpatory evidence in that it seriously undercuts the government's claims that the intent to defraud in this case was on the part of the defendants.

We therefore respectfully request that the Court hold a hearing on Thursday, November 11, 2009, at 10:30 a.m.[1] or as soon thereafter as possible, for a hearing to determine why the individuals at the Department of Homeland Security, who made this decision to withhold copies of the files from defense counsel, should not be held in contempt of Court.

We respectfully request that the Assistant U.S. Attorneys assigned to the case notify the individuals from the Department of Homeland Security to attend this hearing as soon as the time and date for the contempt hearing is set. If Assistant U.S. Attorneys have concerns that the individuals from the Department of Homeland Security will not appear in response to the government's notification, the defense will be happy to subpoena those individuals if the Assistant U.S. Attorneys provide defense counsel with the relevant names and a location for service. For ease of the Court's reference, we enclose a copy of the Court docket in this case and the lists of files requested by both defense counsel.

Respectfully submitted,

Mildred M. Whalen
Staff Attorney
(718) 330-1290

enc.

cc:  Assistant U.S. Attorney Andrew Goldsmith
     Ms. Karina Alomar, Esq.
         Attorney for defendant Thomas Archer
     ECF

---

[1] The defense has a previously scheduled sentencing in the <u>United States v. Merino</u>, 09-CR-361(NGG) before the Honorable Nicholas G. Garaufis at 9:30 a.m. on November 12, 2009, which is why we are requesting an appearance time of 10:30 a.m.

3