# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

---

Leonard F. Joy
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

November 9, 2009

The Honorable Sterling Johnson
Senior U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

By Fax and Hand Delivery

      Re: <u>U.S.A. v. Thomas Archer and Rukhsana Rafique, 08-CR-288 (s-1) (SJ)</u>

Your Honor:

      This is in reply to the government's response to the defense request for a hearing to hold the Department of Homeland Security in contempt for failure to abide by the Court's order of July 20, 2009. The government claims the Department of Homeland Security cannot be held in contempt because they were not subject to the Court's order. The government further claims that the fact that the Department of Homeland Security previously made the files available to defense counsel for review is an adequate remedy for the Department of Homeland Security's refusal to provide copies of the files to defense counsel now.

      First, in response to the government's claim that the Department of Homeland Security cannot be held in contempt, there is only one government, despite the fact that it has different branches. Upon information and belief, the investigation in this case was initiated by the Department of Homeland Security, who brought the evidence they had gathered to the Department of Justice for prosecution. The two departments have been working together on this case for more than a year. The Department of Justice cannot now claim that the Court's order in this case was not "directed" to the Department of Homeland Security simply because they were not in court that day.

      Discovery was ordered by the Court on July 20, 2009, incorporating the agreements reached at the status conference of June 22, 2009. At that status conference, the government agreed to provide copies of these files to defense counsel and has not done so. If the Department of Homeland Security is not in contempt of the Court's order, than the Assistant U.S. Attorney is. This is because the Assistant U.S. Attorney agreed to provide copies of these files to defense counsel, was ordered to do so by the Court's order of July 20, 2009, and now has failed to abide by that order.

Second, the government's position in its response is a violation of Rule 16 of the Federal Rules of Criminal Procedure. Rule 16(a)(1)(E), in relevant part, states:

> "Upon a defendant's request, the government **MUST** permit the defendant to inspect **AND** to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings, or places, or copies of portions of any of these items, if the item is within the government's possession, custody, or control, and:
> (1) the item is material to preparing the defense;
> (2) the government intends to use the item in its case-in-chief at trial"

(emphasis added)

The defense request clearly meets with the requirements of Rule 16 and did so when it was made. The government is going to offer these files into evidence in its case-in-chief, and for them to be able to introduce these items as evidence at the trial, the items are clearly within their possession, custody, or control. The defense made a request to inspect and copy these documents. They are material to preparing the defense because they demonstrate a desire on the part of a large number of applicants to defraud the immigration service and undercut the government's theory that the intent to defraud was on the part of the defendants. The government agreed to provide the defense with copies of these files and the Court incorporated that agreement in its order of July 20, 2009. The government's claim that defense counsel's opportunity to inspect and take notes is sufficient to comply with its discovery obligations is simply wrong. Rule 16 clearly states that the defense is entitled to inspect **AND** to copy or photograph the files, and the failure of the government to provide the defense with copies of these files is a violation of Rule 16.

The government's Rule 16 violation is especially grievous because defense counsel **offered** to do the copying of the files, given the large size of the files. In our letter of March 16, 2009, requesting copies of these files, we said:

> "If it is a question of funds or staff, defense counsel can provide a paralegal and paper to do the copying, and will even do the copying on its own copiers if the government will permit the defense counsel to take the files out of the government's office." Def. Ltr. of March 16, 2009, p.5.

The government could have acted on defense counsel's offer at anytime but chose not to do so.

Third, the government's position that because they are introducing the files in evidence, the defense will be able to use the documents for cross-examination and argument, is ludicrous. We have reviewed these files and the information we have asked to be copied may easily run to a thousand pages, if not more. During our review of the files, we learned that the pages in the files are not Bates-stamped and are not in any particular order. Defense counsel's ability to find the needed individual file out of the 178 introduced, and then find the necessary

2

documents within the individual file to use in cross-examination, will slow cross-examination to a crawl. This will turn a two week trial into a four week trial and destroy defense counsels' ability to cross-examine **effectively**. Defense counsel has been very forbearing in not previously bringing an order to show cause against the government for failing to provide this discovery, but we forbore because we believed that the government was working hard, and in good-faith, to obtain copies for defense counsel to use for preparation in advance of trial. At this point, the defense has been ambushed by the Department of Homeland Security's refusal to provide copies of these files. We will clearly, at this point, need an adjournment of trial once we actually get the copies to effectively prepare.

Finally, this is an issue that should have been resolved long ago. As stated above, defense counsel has been forbearing in waiting for the government to provide these files, and their forbearance has now acted to the detriment of their clients. We have been waiting for these files since June 22, 2009. These are items that the government is required to provide in pursuant to the rules of discovery and pursuant to an order of the Court. For the government, either through the Department of Homeland Security or the Department of Justice to wait until a week before trial to declare that, while they are still going to introduce the files in evidence at the trial, they are not going to provide copies in advance to the defense, as promised and ordered, is fundamentally unfair.

For all of these reasons, we ask the Court to order the Department of Homeland Security to provide copies of the files to the government, so that the government can provide these copies to the defense. We then ask for a brief adjournment of trial as a remedy for the government's failure (be it the failure of the Department of Homeland Security or the failure of the Department of Justice) to provide these files in a timely fashion. If the Department of Homeland Security refuses to provide the copies, we ask that they be held in contempt and we will fashion another remedy for the failure to comply with the defense request and the Court's order.

Respectfully submitted,

Mildred M. Whalen
Staff Attorney
(718) 330-1290

cc:   Assistant U.S. Attorney Andrew Goldsmith
      Assistant U.S. Attorney Soumya Dayanda
      Ms. Karina Alomar, Esq.
           Attorney for defendant Thomas Archer
      ECF