# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

Leonard F. Joy
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

November 13, 2009

The Honorable Sterling Johnson
Senior U.S. District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

By Fax and Hand Delivery

      Re: <u>U.S.A. v. Thomas Archer and Rukhsana Rafique, 08-CR-288 (s-1) (SJ)</u>

Your Honor:

      This is to request a limiting instruction at the time the government introduces exhibit 2, the A-files, in evidence at trial, and to request an additional charge to the jury. We make this request given the Department of Homeland Security's continued efforts to thwart discovery in this case.

      On Saturday, November 7, 2009, the government informed defense counsel that the Department of Homeland Security would not provide copies of certain A-files to the defense. The defense requested copies of the A-files pursuant to Rule 16, the government consented to providing copies of these A-files in a status conference on June 22, 2009, and that consent was incorporated into the Court's discovery order of July 20, 2009.

      The defense, in a letter dated November 9, 2009, asked the Court for a hearing to hold the Department of Homeland Security in contempt for failure to abide by the Court's July 20, 2009 order. The Court did not grant that request, but instead, on November 10, 2009, directly ordered the Department of Homeland Security to immediately produce to defense counsel the files requested. Mr. Jason Raphael, Associate Regional Counsel for the Department of Homeland Security, replied in a letter to the Court that same day, that the case agent would immediately begin to copy the files and would have them available by late Thursday or early Friday.

      Defense counsel called Mr. Raphael this morning, Friday November 13, at 11:30 a.m., not having heard from him as to when the files would be produced and no longer considering it to be "early Friday." Mr. Raphael informed me that the files were ready for defense counsel to "come to 26 Federal Plaza" to pick up. I informed him that the files should be delivered to us, and he informed me that I would have to speak to the Assistant U.S. Attorney

about the matter. I then left a voice mail and an email for Mr. Goldsmith, explaining that I found this unacceptable and that the files should be delivered to us. He responded approximately one half hour later that he had arranged for a messenger to pick up the files and deliver them to my office.

I make my request for a limiting instruction and a jury instruction with respect to the A-files because I believe the actions of the Department of Homeland Security demonstrate an attempt to ambush the defense in their attempts to prepare for trial, and an attempt to deny the defendants a fair trial. For the Department of Homeland Security to wait until the last moment to inform the Assistant U.S. Attorney that they would not be providing copies of the requested files was a serious breach of discovery. To refuse to provide those files absent a direct Court order further demonstrates an attempt to thwart the rules of discovery. To then wait until defense counsel calls on Friday morning to inform defense counsel that the Department of Homeland Security will not be delivering the documents but instead, expects defense counsel to arrange pick-up, is the last straw. We believe that this demonstrates an interest by the Department of Homeland Security in the outcome of the case and a willingness to act in a manner that will achieve the outcome they desire. Specifically, the Department of Homeland Security does not want defense counsel to have sufficient time to review the files and to adequately prepare for cross examination of the witness(es) from the Department of Homeland Security who will be testifying with respect to these files.

A defendant in a criminal case who behaved in such a manner would be subject to sanction and an instruction for consciousness of guilt from noncompliance with a court order. We believe a similar sanction against the Department of Homeland Security is appropriate here. We request that the following instruction be given when the A-files are introduced as evidence and when the jury is charged.

1) I instruct you that the Department of Homeland Security violated a Court order of July 20, 2009 and failed to provide copies of these A-files to defense counsel;
2) I instruct you that when again ordered by the Court, on November 10, 2009 to provide the files immediately to defense counsel, the Department of Homeland Security did not provide the files to defense counsel until Friday, November 13.
3) I further instruct you that you may infer, from the failure of the Department of Homeland Security to comply with these lawful court orders, that the Department of Homeland Security has attempted to deny the defendants a fair trial.

This instruction has been adapted from L. Sand, *et al. Modern Federal Jury Instructions-Criminal* ¶6.05, Instruction 6-15, Consciousness of guilt from noncompliance with a court order.

    While we understand the Assistant U.S. Attorneys assigned to the case are in no way to blame for the failure of the Department of Homeland Security to comply with the Court orders, as explained above, we believe the Department of Homeland Security has demonstrated an interest in preventing defense counsel from effectively preparing in this case, and thus has attempted to deny the defendants a fair trial. We believe the jury should be told of their efforts as a sanction.

                Respectfully submitted,

                Mildred M. Whalen
                Staff Attorney
                (718) 330-1290

cc: Jason Raphael, Associate Regional Counsel, Department of Homeland Security
   Assistant U.S. Attorney Andrew Goldsmith
   Assistant U.S. Attorney Soumya Dayanda
   Ms. Karina Alomar, Esq.
     Attorney for defendant Thomas Archer
   ECF