# ALOMAR & ASSOCIATES, PC
## ATTORNEYS & COUNSELORS AT LAW

**KARINA E. ALOMAR, ESQ**

*ALSO ADMITTED IN NJ, FL
E-Mail: alomar.associatespc@gmail.com

60-89 Myrtle Avenue
Ridgewood, N.Y. 11385
Tel: (718) 456-1845
Fax: (718) 386-9299

November 13, 2009

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Thomas Archer et al.
Criminal Docket No. 08-288 (SJ)

Dear Judge Johnson:

The Defense hereby renews its objection to the testimony of Mel Shatzkamer. Athough the Court denied the defendants' objection to the testimony of Mel Shatzkamer in its decision dated July 20, 2009, the Court ruled that it was permitted to renew its application prior to trial.

I    **THE TESTIMONY OF MEL SHATZKAMER SHOULD BE PRECLUDED AS UNDULY PREJUDICIAL**

It is the Government's allegation that the Defendants submitted fraudulent applications so that individuals who did not qualify for the legalization program known as CSS/LULAC could obtain immigration benefits. Allegations both defendants deny. The program allowed individuals who were present without status in the United States prior to January 1, 1982, to eventually obtain legal status, was a result of a settlement of two class action lawsuits. One was brought by the League of United Latin American Citizens (LULAC) which was thereafter was substituted by Felicity Mary Newman (NEWMAN) and one brought by Catholic Social Services (CSS) against the government. Both cases were resolved by settlement after seventeen (17) years of litigation. The stipulations are annexed hereto as Exhibits A & B herein.

The settlement terms in addition to other provisions provide for the following:
   a. The extension of the program filing period if the number of applicants exceed two hundred forty thousand;
   b. The applications not to be denied if the applicants' sole proof of continuous residence was in the form of affidavits;

The Government has advised that in the instant case their witness officer Shatzkamer will provide testimony similar to the testimony he provided in the case of the United States v. Gupta. The Government has further notified the defense that their witness will further testify as to *patterns* officer Shatzkamer believes indicate fraud. Namely, officer Shatzkamer will testify that the "fraud indicators" included the fact that the Department of Homeland Security received over seventy-nine thousand applicants nationwide when it only expected twenty thousand. In the case of the Gupta officer Shatzkamer testified that fraud was thought to be associated with Mr. Gupta's applications because his agency had estimated when the CSS (LULAC) Newman legalization program went into effect that only twenty thousand applications would be received and instead the agency received seventy-nine thousand (79,000) applications[1]. According to officer Shatzkamer, the fact that his agency only expected twenty thousand applications, it found Mr. Gupta submission of five hundred applications to be too large a number and thus an indication of fraud. Thus, in the instant case as was done in the Gupta, officer Shatzkamer is going to insinuate that Mr. Archer's submission of 176 applications in and of itself is indicative of fraud. By allowing officer Shatzkamer to state that the Department of Homeland Security was expecting only twenty thousand applications is to permit the government to misrepresent to the jury the terms of the stipulation of settlement, which was clear that the number of applicants could well exceed two hundred forty thousand.

Officer Shatzkamer is further expected to testify that another "fraud indicator" consists of the fact that many of the applications submitted by Mr. Archer did not have documentation for continuous residence and first entry into the United States other than in the forms of affidavits. However, such statement is also a misrepresentation of the settlement terms in both NEWMAN and CSS. In fact, both settlements provided that the government was to take into account the passage of time and not deny applicants because their only source of proof of continuous residence consisted of affidavits.

Finally, by the Government further not qualifying officer Shatzkamer's as an expert in patterns, his testimony as to patterns is not a matter of fact as the Government alleges, but a matter of personal opinion. The prejudicial value of the opinion outweighs the probative value and the testimony is only being submitted to inflame the jury. The testimony is especially prejudicial as there will be no testimony as to what if any empirical data or methodology was employed for officer Shatzkamer to deem the files had "fraud indicators." In the instant case the Government has permitted the defense to review the immigration files on whose behalf Mr. Archer submitted I-687 forms. The files however indicate that the real reason the files were flagged was because the applicants had filed prior applications for immigration benefits, and those applications had previously been deemed fraudulent and/or contradicted what the applicants stated in the I-687 form Mr. Archer submitted. Mr. Archer, however was unaware of the contents of the prior applications as the applications were filed by other attorneys, years before

---

[1] See page 64 of the trial transcript of the Unites States v. Gupta Criminal Docket No. 07-177 (DAB) (S.D.N.Y.)

Mr. Archer ever met the applicants or became an attorney. In fact, the only pattern that the files indicate is that the applicants would go from lawyer to lawyer to obtain information and once they obtained all the information they deemed necessary they would tailor their information and give the tailored information to an unwitting attorney.

As the government has acknowledged that officer Shatzkamer has no first-hand knowledge of the files, it appears as if the sole purpose of officer Shatzkamer's testimony is to inflame the jury. Especially, if officer Shatzkamer were permitted to state as he was permitted to do in Gupta within the first ten minutes of his testimony that he worked for the fraud detection unit for twenty-one years on four different occasions.[2]  It is argued that the repeated mention of officer. Shatzkamer's title and years of service implants in the jurors' minds that if officer Shatzkamer reviewed the Defendant's files it is because fraud must have occurred.  The prejudice becomes even more apparent if when questioned as to how he assembled the boxes officer Shatzkamer testifies in same manner that he did in the Gupta trial, namely, that the criteria used to assemble the boxes were nothing other than that the files were prepared by the Defendant[3].

Since the government has stated that officer Shatzkamer is not being qualified as an expert, when the government responded to the defense' requests for copies of any reports of any examinations or tests conducted in connection with this case; it is the defenses' position that officer Shatzkamer's testimony fails to comport with the requirements set forth in Daubert v. Merrell Dow Pharms, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993). In Daubert the Court held expert testimony as to patterns may not be deemed admissible if is without any objective and reliable method, as to do so is nothing but prejudicial to the defendant.  The criteria set forth in Daubert for the admission of expert scientific testimony regarding patterns was thereafter extended to all expert testimony in the case of Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147, 143 L. Ed. 2d 238, 119 S. Ct. 1167 (1999) and thereafter the Federal Rules of Evidence were amended in 2002 in response to now provide:

> That if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid.702.

---

[2]  See page 53 of the trial transcript of the Unites States v. Gupta Criminal Docket No. 07-177 (DAB) (S.D.N.Y.)

[3]  See page 67 of the trial transcript of the Unites States v. Gupta Criminal Docket No. 07-177 (DAB) (S.D.N.Y.)

Although the Government is stating that officer Shatzkamer will not be qualified as an expert they are having officer Shatzkamer provide expert testimony. Thus the government is failing to show that officer Shatzkamer is an expert to discuss patterns of fraud. Instead the Government is attempting to have officer Shatzkamer testify as to patterns of fraud without requiring that the methodology in identifying the so called "patterns" be the product of reliable principles and methods. For the government to have a witness state that he or she has worked in the Fraud Detection Unit of the Department of Homeland Security and that he observed patterns of fraud in the applications submitted by the defendant with nothing more is extremely prejudicial and a violation of Federal Rule of Evidence 702.

## CONCLUSION

For all of the reasons set forth above, the Defendants object to the admission into evidence of the applications Mr. Archer's office submitted on behalf of his clients pursuant to Rules 401, 402, 403, & 702 of the Federal Rules of Evidence and of officer Shatzkamer's testimony,

Respectfully submitted,

Karina E. Alomar
Attorney for Defendant
Thomas W. Archer
60-89 Myrtle Avenue
Ridgewood, NY 11385
Telephone No.: (718) 456-1845

To:     Benton J. Campbell
        United States Attorney
        Eastern District
        Attention: Andrew E. Goldsmith
        Assistant U.S. Attorney
        271 Cadman Plaza
        Brooklyn, NY 11201
        Via EFC


        Mildred Whalen, Esq.
        Federal Defenders of New York
        Attorney for Defendant
        Rukhsana Rafique
        One Pierrepont Plaza, 16th Floor
        Brooklyn, New York 11201
        Via EFC

# EXHIBIT A

Priority ___
Send ___
Clo __ ___
J~ ___

FILED
CLERK, U.S. DISTRICT COURT
FEB 1 7 2004
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DEBRA W. YANG
United States Attorney
LEON W. WEIDMAN
Assistant U.S. Attorney
Chief, Civil Division
ROBERT I. LESTER (Bar No. 116429)
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2464
    Fax: (213) 894-7819

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ✓
JS-2/JS-3 ___

**ORIGINAL**

*Attorneys for defendants* (additional counsel listed on continuation page)

CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
Peter A. Schey
Carlos R. Holguin
Center For Human Rights and Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057

*Attorneys for plaintiffs* (additional counsel listed on continuation page)

ENTERED
CLERK, U.S. DISTRICT COURT
FEB 1 8 2004
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

FELICITY MARY NEWMAN,
*et al.,*

            Plaintiffs,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,[1] *et al.,*

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIV. NO. 87-4757-WDK(CWx)

ORDER APPROVING SETTLEMENT
OF CLASS ACTION

[proposed]

Hearing: None
Time: None

/ / /

**THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).**

---

[1] Pursuant to Rule 25 of the Federal Rules of Civil Procedure United States Citizenship
and Immigration Services ("CIS") is substituted for the former Immigration and
Naturalization Service, and Eduardo Aguirre, Jr., Acting Director, in his official capacity,
is substituted for former Commissioner Doris Meissner.

346

PETER D. KESSLER
Assistant Attorney General
Civil Division

DAVID J. KLINE
TERRI J. SCADRON
ANTHONY W. NORWOOD
Attorneys
    Office of Immigration Litigation
    Civil Division
    U.S. Department of Justice
    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 616-4883
    Fax: (202) 616-9366

*Additional attorneys for defendants*

ASIAN PACIFIC AMERICAN LEGAL CENTER
Stewart Kwoh
1145 Wilshire Blvd. 2nd Floor
Los Angeles, CA 90017

ASIAN LAW CAUCUS, INC.
Joannie C. Chang
939 Market Street, Suite 201
San Francisco, CA 94103

NATIONAL LAWYERS GUILD
Marc Van Der Hout
Van Der Hout & Brigagliano
180 Sutter Street, Fifth Floor
San Francisco, CA 94104

*Additional attorneys for plaintiffs*

/ / /

-2-

1      This matter is before the Court pursuant to the parties' Joint Motion to Approve

2  Settlement Agreement. The Court has read and considered the parties' motion, the

3  comments and objection of putative class members to the proposed settlement, and the

4  parties' joint response to those objections. The Court finds that the proposed settlement

5  fully and fairly resolves the claims of class members herein and that it should accordingly

6  be approved.

7      Rule 23(e) of the Federal Rules of Civil Procedure requires the Court to approve a

8  settlement in a class action.  Rule 23(e) provides:

9      A class action shall not be dismissed or compromised without the approval of the

10     court, and notice of the proposed dismissal or compromise shall be given to all

11     members of the class in such manner as the court directs.

12      Under Rule 23(e), a class settlement will be approved so long as the "proposed

13  settlement . . . is fundamentally fair, adequate, and reasonable." *Class Plaintiffs v. City of*

14  *Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992).  It is the settlement taken as a whole, rather

15  than the individual component parts, that must be examined for overall fairness. *Officers*

16  *for Justice v. Civil Serv. Comm'n of San Francisco,* 688 F.2d 615, 628 (9th Cir. 1982). There is a

17  "strong judicial policy that favors settlements, particularly where complex class action

18  litigation is concerned." *Class Plaintiffs v. City of Seattle, supra,* at 1276.

19     / / /

- 3 -

1        For the reasons set out in the parties' joint motion to approve the settlement and

2    their joint response to the objections and comments of putative class members, the Court

3    finds that the settlement is fundamentally fair, adequate and reasonable. Accordingly,

4        IT IS HEREBY ORDERED that the proposed settlement is approved

5

6    Dated: ~~January~~ ~~16~~ FEB 17 2004, 2004.

    United States District Judge

7

8

9    Presented by:

10

11   Anthony W. Norwood
     U.S. Department of Justice

12   Office of Immigration Litigation
     Civil Division

13   P.O. Box 878, Ben Franklin Station
     Washington, D.C. 20044

14   Counsel for Defendants
     [per telephonic authorization]

15

16   Peter A. Schey

17   Carlos R. Holguin
     Center for Human Rights

18   and Constitutional Law
     256 S. Occidental Blvd.

19   Los Angeles, CA 90057
     Counsel for Plaintiffs

20

21

22

23

24

25

26

27

28

- 4 -

1 │ DEBRA W. YANG
   │ United States Attorney
2 │ LEON W. WEIDMAN
   │ Assistant U.S. Attorney
3 │ Chief, Civil Division
   │ ROBERT I. LESTER (Bar No. 116429)
4 │     Room 7516 Federal Building
   │     300 North Los Angeles Street
5 │     Los Angeles, California  90012
   │     Telephone:  (213) 894-2464
6 │     Fax: (213) 894-7819

7 │ Attorneys for Defendants (Additional Counsel listed on Continuation
   │ Page)
8 │
   │ CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
9 │ Peter A. Schey
   │ Carlos R. Holguin
10│ Center For Human Rights and Constitutional Law
   │ 256 S. Occidental Blvd.
11│ Los Angeles, CA 90057

12│ Attorneys for Plaintiffs (Additional Counsel listed on Continuation
   │ Page)
13│
   │              IN THE UNITED STATES DISTRICT COURT
14│              FOR THE CENTRAL DISTRICT OF CALIFORNIA

15│ FELICITY MARY NEWMAN,              )
   │ et al.,                           )   CIV. NO. 87-4757-WDK(CWx)
16│                                    )
   │                                    )
17│                                    )
   │                                    )
18│          Plaintiffs,              )
   │                                    )   JOINT STIPULATION
19│    v.                             )   OF SETTLEMENT
   │                                    )
   │ BUREAU OF CITIZENSHIP AND          )
20│ IMMIGRATION SERVICES,[1]/et al.,)   Hearing:
   │                                    )   Time:
21│                                    )
   │          Defendants.              )
22│ _____)

23│

24│

25│

26│ _____

27│ [1]/  Pursuant to Rule 25 of the Federal Rules of Civil Procedure the
   │ Bureau of Citizenship and Immigration Services ("BCIS") is substituted
28│ for the former Immigration and Naturalization Service, and Eduardo
   │ Aguirre, Jr., Acting Director, in his official capacity, is substituted
   │ for former Commissioner Doris Meissner.

1  ROBERT D. McCALLUM, JR.
   Assistant Attorney General
2  Civil Division

3  DAVID J. KLINE
   TERRI J. SCADRON
4  ANTHONY W. NORWOOD
   Attorneys
5       Office of Immigration Litigation
        Civil Division
6       U.S. Department of Justice
        P.O. Box 878, Ben Franklin Station
7       Washington, D.C.  20044
        Telephone:  (202) 616-4883
8       Fax: (202) 616-9366

9  Additional Attorneys for Defendants

10

   ASIAN PACIFIC AMERICAN LEGAL CENTER
11 Stewart Kwoh
   1145 Wilshire Blvd. 2nd Floor
12 Los Angeles, CA 90017

13 ASIAN LAW CAUCUS, INC.
   Joannie C. Chang
14 939 Market Street, Suite 201
   San Francisco, CA 94103

15

   NATIONAL LAWYERS GUILD
16 Marc Van Der Hout
   Van Der Hout & Brigagliano
17 180 Sutter Street, Fifth Floor
   San Francisco, CA 94104

18

   Additional Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

- 2 -

1    Plaintiffs and defendants, by and through their undersigned
2  counsel, hereby agree and stipulate as follows:

3    1. Class Definition

4    The following subclasses are entitled to relief pursuant to this
5  Settlement Agreement:

6    A. All persons who are otherwise prima facie eligible for
7  legalization under Section 245A of the Immigration and Nationality Act
8  ("INA") who attempted to file a completed application and application
9  fee with a representative of the Immigration and Naturalization
10 Service ("INS") including a Qualified Designated Entity ("QDE"),
11 during the period from May 5, 1987, to May 4, 1988, but had the
12 application and fee refused by that representative because they had
13 traveled outside of the United States and returned with a visitor's
14 visa, student visa, or any other type of visa or travel document.

15    B. All persons who filed for class membership under Newman et
16 al. v. INS et al., 87-4757-WDK(CWx) (C.D. Cal.), and who are otherwise
17 prima facie eligible for legalization under Section 245A of the INA,
18 who were informed by an INS officer or QDE employee during the period
19 May 5, 1987, to May 4, 1988, that they were ineligible for
20 legalization because they had traveled outside of the United States
21 and returned with a visitor's visa, student visa, or any other type of
22 visa or travel document, or were refused by the INS or its QDEs
23 legalization forms on account of that travel and the facially valid
24 visa rule, and for whom such information, or inability to obtain the
25 required application forms, was a substantial cause of their failure
26 to timely file or complete a written application.

27    For purposes of the subclass definition, the phrase "filed for
28 class membership" shall be determined in accordance with 8 C.F.R.

- 3 -

1   § 245a.10.

2       2.   Notice to Defendants' Employees

3       Commencing within fourteen (14) days of the date on which this
4   Settlement Agreement is approved by the district court, or a separate
5   settlement agreement is approved by the district court in Catholic
6   Social Services, Inc. v. Reno, CIV No. S-86-1343 LKK (E.D. Cal.),
7   ("CSS") whichever is later, defendants shall use good faith and
8   reasonable efforts to distribute this Settlement Agreement or a
9   summary attached as Exhibit 1 to all of their officers, agents and
10  employees responsible for processing class membership claims or who
11  may in the course of their duties supervise officers who detain or
12  remove putative class members.  Defendants shall use good faith and
13  reasonable efforts to serve Class Counsel with copies of all
14  supplemental instructions or guidelines issued to their officers,
15  agents or employees regarding implementation of this Settlement
16  Agreement.

17      3.   Notice to Subclass Members

18      In the event that this agreement is approved by the district
19  court, defendants shall, within sixty (60) days from the date of the
20  court's approval, or the approval of a separate settlement agreement
21  by the district court in CSS, whichever is later, issue a press
22  release and a Class Notice in English and Spanish (attached as Exhibit
23  2) announcing this Settlement Agreement.  The press release, Class
24  Notice, and Newman Class Membership Applications (attached as Exhibit
25  3) shall be distributed to the media and community-based organizations
26  according to the BCIS's normal procedure for doing so, and defendants
27  shall provide a copy of the distribution list to class counsel.  The
28  press release, Class Notice and Newman Class Membership Applications

- 4 -

1  shall be posted on defendants' web site until the end of the
2  application period referenced in paragraph 4 below.  The press
3  release, Class Notice and Newman Class Membership Applications shall
4  also be made available at defendants' district offices until the end
5  of the application period referenced in paragraph 4 below.  Within 60
6  days of this Settlement Agreement and during the remainder of the
7  application period specified in paragraph 4, defendants shall make
8  available to all persons, upon request, a copy of Form I-687, Newman
9  Class Member Applications and instructions, and Form I-765.

10      4.    Application Period.

11      In the event that this agreement is approved by the district
12  court, defendants shall, within thirty (30) to sixty (60) days after
13  the issuance of Notices required in Paragraph 3 above, commence
14  accepting Newman Class Membership Applications, and Form I-687
15  Application for Status as a Temporary Resident with fee, and
16  supporting documentation, from subclass member applicants.  Defendants
17  shall continue to accept such applications for subclass membership and
18  temporary permanent residence for a period of one year thereafter, and
19  no longer.  Applications shall be deemed filed on the date postmarked
20  in accordance with the provisions at 8 C.F.R. § 245a.12(a).

21      5.    Filing of Applications.

22      Individuals asserting a claim for relief under this Settlement
23  Agreement shall file a Newman Class Membership Application, and a Form
24  I-687, Application for Status as a Temporary Resident, with fee, and
25  supporting documentation.

26
27
28

- 5 -

1    The fee for filing a Form I-687 shall be the fee applicable by
2  regulation or Federal Register Notice at the time of filing the
3  application(s).  (The fee for filing a Form I-687, which has not
4  changed since 1986, is currently $185 per person with a family cap of
5  $420, but may be changed to reflect the current cost of adjudication).
6  The fee for fingerprinting is currently $50 and the fee for filing
7  Form I-765, Application for Employment Authorization, is currently
8  $100.  Except as provided for in Paragraph 10 below, applicants must
9  file a Form I-765 with fee if they wish to receive an employment
10  authorization document.

11    As to persons who previously filed for class membership, as that
12  term is defined in paragraph 1 above, Defendants shall refund the fee
13  for filing the Form I-687 if such person's application for class
14  membership is denied pursuant to paragraphs 6, 7 and 8 below.

15    As to those individuals who did not previously file for class
16  membership, as that term is defined in paragraph 1 above, there shall
17  be no refund of the fee for filing the Form I-687 if such person's
18  application for class membership is denied pursuant to paragraphs 6, 7
19  and 8 below.

20    6.    Adjudication of Applications for Class Membership
21    Newman Class Membership Applications should be granted if, based
22  on responses to questions asked on the applications, it appears more
23  probable than not that the applicant meets the subclass definition.  A
24  determination that an applicant is a subclass member is not binding in
25  any manner on defendants for the purposes of an adjudication on the
26  merits of the application for temporary residence which shall be
27  conducted de novo.  Newman Class Membership Applications shall not be
28  denied solely because applicants do not possess documentary evidence

- 6 -

1  establishing class membership. Defendants shall treat information and
2  materials submitted in connection with a Newman Class Member
3  Application as confidential in accordance with 8 U.S.C. § 1255a(c)(5).
4      7.   Intended Denials of Class Membership
5      Before denying an application for class membership, defendants
6  shall forward the applicant or his or her representative a notice of
7  intended denial explaining the perceived deficiency in the applicant's
8  Newman Class Membership Application and providing the applicant thirty
9  (30) days to submit additional written evidence or information to
10 remedy the perceived deficiency.
11     8.   Denial of Applications for Class Membership.
12     Defendants shall send a written notice of the decision to deny an
13 application for class membership to the applicant and his or her
14 attorney of record, with a copy to Class Counsel. The notice shall
15 explain the reason for the denial of the application, and notify the
16 applicant of his or her right to seek review of such denial by a
17 Special Master, on the document attached as Exhibit 4. On review,
18 neither defendants nor the applicant shall be permitted to submit new
19 evidence to the Special Master.
20     9.   Review by Special Master.
21     A.  Selection of the Special Masters. These will be the same
22 Special Masters selected in CSS, and any appeals will be assigned in
23 the same random manner as in that case.
24     B.  Review of Decisions Involving Determination of Class
25 Membership. Any decision by defendants denying an application for
26 subclass membership may be appealed to a Special Master. Any such
27 appeal must be post-marked within 30 days of the date of mailing of
28 the notice denying the application for class membership. The Special

1  Master's review shall be based on the documents and other evidence
2  submitted by the applicant, and any documentary evidence relied upon
3  by defendants in reaching the decision to deny the application for
4  class membership.

5  The Special Master shall be paid a fee of $125 for adjudicating
6  each appeal under subparagraphs (i) and (ii) below. Payment of this
7  fee shall be bourne by the parties as follows:

8  (i) If the appeal involves a denial of class membership based on
9  criminal or security-related grounds, the applicant is responsible for
10 paying the entire fee; and

11 (ii) If the appeal involves a denial of class membership on other
12 than criminal or security-related grounds, the fee shall be bourne
13 equally by defendants and the applicant. The applicant's portion of
14 the fee must accompany his or her notice of appeal. Defendants must
15 submit their portion of the fee within 30 days of being notified by
16 the Special Master that an appeal has been duly filed.

17 C. Review of Other Decisions. An applicant who believes that
18 defendants have violated his or her individual rights pursuant to
19 paragraphs 3, 4, 5, 7, 10, 12, or 13 of this Settlement Agreement may
20 file a claim with the Special Master. However, prior to filing any
21 such claim, the applicant must advise defendants by certified mail, or
22 other documented delivery service to an address specified by
23 defendants, that he or she believes that Defendants have violated his
24 or her rights under Paragraphs 3, 4, 5, 7, 10, 12, or 13. Defendants
25 shall have forty-five (45) days from the date they are notified of the
26 applicant's intent to file a claim under this paragraph in which to
27 investigate and, if appropriate, rectify any deficiency. If fifty
28 (50) days after notifying defendants of his or her intent to file a

1  claim, the applicant does not receive notice that defendants have
2  sustained the applicant's challenge, then the applicant may file his
3  or her appeal to the Special Master. Any such appeal must be post-
4  marked within eighty (80) days of the date the applicant advised
5  Defendants of the alleged violation.

6      The Special Master shall be paid a fee of $65 for adjudicating
7  each appeal under this subparagraph C. The applicant must pay the
8  entire fee at the time he or she files the notice of appeal. If the
9  applicant prevails on the merits of his or her appeal, Defendants must
10 reimburse the applicant the entire fee within a reasonable time after
11 being notified that the applicant prevailed on appeal.

12      10. Renewal of Employment Authorization Documents
13      Defendants shall, without fee, reissue or renew for a period of
14 one year employment authorization to applicants in the subclass
15 defined herein who were previously issued such employment
16 authorization pursuant to interim relief orders in <u>Newman et al. v.</u>
17 <u>INS</u>, No. 87-4757 (C.D. Cal.). An applicant shall be entitled to have
18 his or her employment authorization renewed only during the
19 application period and only one time under this provision.

20      11. Adjudication of Applications for Temporary Residence.

21      Defendants shall adjudicate each application for temporary
22 residence filed on Form I-687 in accordance with the provisions of
23 Section 245A of the INA, 8 U.S.C. § 1255a, regulations, and
24 administrative and judicial precedents the INS followed in
25 adjudicating I-687 applications timely filed during the IRCA
26 application period. In adjudicating I-687s pursuant to this
27 agreement, defendants shall utilize the standards set forth in 8 CFR
28 § 245a.18(c), or 8 CFR § 245a.2(k)(4), which ever is more favorable to

1 the applicant. Failure to provide evidence other than affidavits
2 shall not be the sole basis for finding an alien failed to meet the
3 continuous residence requirement. For purposes of establishing
4 residence and presence in 8 C.F.R. § 245a.2(b), the term "until the
5 date of filing" shall mean until the date the alien attempted to file
6 a completed application and fee or was caused not to timely file,
7 consistent with the Subclass Definitions. In evaluating the
8 sufficiency of applicant's proof of residence, defendants shall take
9 into account the passage of time and attendant difficulties in
10 obtaining corroborative documentation of unlawful residence.

11      12. Time for Determining Class Membership
12         and Legalization Applications.

13     A. Defendants shall use good faith and reasonable efforts
14 either to approve applications for class membership or issue notices
15 of intended denials within ninety (90) days. If a notice of intended
16 denial is issued, defendants shall endeavor to issue a final decision
17 on the application for class membership within ninety (90) days after
18 receipt of an applicant's supplemental evidence or explanation, if
19 any.

20     B. Defendants shall use good faith and reasonable efforts to
21 adjudicate subclass members' I-687 Forms within one hundred and eighty
22 (180) days of approval of their application for class membership.

23     C. If the aggregate volume of Form I-687 applications received
24 under this Settlement Agreement and the Settlement Agreement reached
25 in CSS exceeds two hundred forty thousand it is anticipated that the
26 approximate processing times referenced in subparagraphs A and B above
27 will double.

28

1        13.   Removal of Class Applicants from the United States.

2        Defendants shall not remove from the United States or detain any

3   putative class members who appear to be prima facie eligible for class

4   membership under this Settlement Agreement and for legalization under

5   Section 245A of the INA.  This paragraph shall not apply to any alien

6   who is subject to detention or removal despite his or her having been

7   previously determined to be eligible for class membership.  For

8   example, if, after having been deemed a class member, it is found that

9   the alien has been convicted of a crime(s) that render(s) him or her

10  ineligible for legalization, the alien may nevertheless be detained

11  and removed from the United States.

12       14.   Reporting on Implementation of This Agreement.

13       Commencing four months after the beginning of the filing period,

14  defendants shall prepare quarterly reports setting forth the number of

15  Newman Class Membership Applications, Forms I-687, and Forms I-765,

16  that were received, approved, denied and pending.  Copies of such

17  report shall be provided to Class Counsel.  In the event defendants

18  believe good cause exists to extend the time periods set forth in

19  paragraphs 12, defendants shall provide Class Counsel with a written

20  explanation of such cause and proposed alternative target periods.

21       15.   Costs and Attorneys Fees.

22       Defendants will pay plaintiffs attorneys' fees and costs, as

23  determined by a separate agreement.

24       16.   Duration of Agreement.

25       The parties agree that this agreement will become effective on

26  the date it is approved by the Court.  The agreement will remain in

27  effect for one year after defendants adjudicate the last application

28  for class membership.  Defendants agree to promptly notify Class

- 11 -

1  Counsel of the date they adjudicate the last application for class
2  membership.

3      17.  Dismissal of Complaint, Dissolution of Injunctive Orders and
4          Other Decisions.

5      In the event the district court approves this Settlement
6  Agreement, plaintiffs agree to promptly move the court for dismissal
7  with prejudice of each and every claim of the complaint, as amended,
8  and the dissolution of any injunctive order(s) and other decisions
9  entered by the district court.

10      18.  Continuing Jurisdiction.

11      The parties agree that notwithstanding the filing and granting of
12  any motion pursuant to paragraph No. 17, the district court will
13  retain jurisdiction in this action over only the matters described
14  immediately below.

15      A.  Claims by plaintiffs that the Defendants have engaged in a
16          pattern and practice of refusing to implement any of the
17          relief set forth in this Agreement.

18      B.  Claims by plaintiffs that the Defendants have expressly
19          repudiated this Agreement.

20      C.  At least sixty (60) days prior to bringing any action
21          pursuant to this provision, the parties shall meet and
22          confer in a good faith effort to resolve any of their
23          differences.

24      D.  Any action under this provision must be brought within one
25          year after the Defendants adjudicate the last application
26          for class membership.

27      19.  Class Counsel.

28  Class Counsel for the purposes of this Settlement Agreement are

202 615 9368    P.14

JUN-17-2003  11:14

1   Peter Schey and Carlos R. Holguin, Center for Human Rights and

2   Constitutional Law, 256 S. Occidental Blvd., Los Angeles, CA 90057,

3   telephone (213) 388-8693, facsimile (213) 386-9494, email

4   amnestycoordinator@centerforhumanrights.org.

5       20.  This agreement is conditioned upon approval by the Secretary

6   of the Department of Homeland Security, and the Deputy Attorney

7   General, United States Department of Justice.

8       21.  This agreement is subject to approval by the United States

9   District Court pursuant to Federal Rule of Civil Procedure 23.

10

11

12   Anthony W. Norwood               Peter A. Schey
     U.S. Department of Justice       Carlos R. Holguin
13   P.O. Box 878, Ben Franklin       Center for Human Rights
     Station                            and Constitutional Law
14   Washington, DC 20044             256 S. Occidental Blvd.
     202-616-4885                     Los Angeles, CA  90057
15   Counsel for Defendants           (213) 388-8693
                                      Counsel for Plaintiffs

16   Dated:  June 16, 2003            Dated:  June 17, 2003

17

18   Robert R. Raymond
     Associate General Counsel
19   Bureau of Citizenship and
     Immigration Services
20   U.S. Department of Homeland
     Security

21   Dated:  6-16-03

22

23   June 16, 2003

24

25

26

27

28

- 13 -

# EXHIBIT B

JAN-26-2004  05:26
US ATTORNEY                                          P.02
@002

1 | CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
2 | Peter A. Schey
    | Carlos Holguín
3 | 256 S. Occidental Blvd.
    | Los Angeles, CA 90057
4 | Telephone: (213) 388-8693

5 | ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
    | Michael Rubin
6 | 177 Post Street, Suite 300
    | San Francisco, CA 94108
7 | Telephone: (415) 421-7151

8 | ASIAN LAW CAUCUS
9 | Ivy Lee
    | 720 Market Street
10 | San Francisco, CA 94102
    | Telephone: (415) 391-1655

11 |
    | GIBBS, HOUSTON & PAUW
12 | Robert H. Gibbs
    | Robert Pauw
13 | 1000 Second Ave. Suite 1600
    | Seattle, WA 98104
14 | Telephone: (206) 224-8790

15 |

16 | IN THE UNITED STATES DISTRICT COURT

17 | FOR THE EASTERN DISTRICT OF CALIFORNIA

18 | WESTERN DIVISION

19 | CATHOLIC SOCIAL SERVICES, INC.,—
    | IMMIGRATION PROGRAM, ET AL.,          Case No. Civ S-86-1343-LKK
20 |
    | Plaintiffs,                            ORDER APPROVING
21 |                                          SETTLEMENT OF CLASS ACTION
22 | v.                                       [Proposed]
23 |
    | TOM RIDGE, SECRETARY
24 | U.S. DEPARTMENT OF HOMELAND
    | SECURITY, ET AL.,
25 |
    | Defendants.                            Hearing:   January 23, 2004.
26 |                                          Time:      10:00 a.m.
27 |
28 |

**FILED**

JAN 23 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

**LODGED**

JAN 2 1 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

1   This matter is before the Court pursuant to the parties' Joint Motion to Approve

2   Settlement of Class Action. The Court has read and considered the parties' motion, the

3   comments and objections of putative class members to the proposed settlement, and the

4   parties' joint response to those objections. The Court finds that the proposed settlement

5   fully and fairly resolves the claims of class members herein and that it should

6   accordingly be approved.

7       Rule 23(e) of the Federal Rules of Civil Procedure provides: "A class action shall

8   not be dismissed or compromised without the approval of the court, and notice of the

9   proposed dismissal or compromise shall be given to all members of the class in such

10  manner as the court directs."

11      "Although Rule 23(e) is silent respecting the standard by which a proposed

12  settlement is to be evaluated, the universally applied standard is whether the settlement

13  is fundamentally fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n*

14  *of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983). It is the

15  settlement taken as a whole, rather than the individual component parts, that must be

16  examined for overall fairness. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.

17  1992), cert. denied, 506 U.S. 953 (1992). There is a "strong judicial policy that favors

18  settlements, particularly where complex class action litigation is concerned." *Id.*

19      Applying these standards to the settlement before it, the Court begins by noting

20  that this matter has been vigorously litigated for over 17 years. There is no suggestion of

21  collusion between the negotiating parties to the detriment of absent class members. *See*

22  *Officers for Justice, supra,* 688 F.2d at 625 ("the court's intrusion upon what is otherwise a

23  private consensual agreement negotiated between the parties to a lawsuit must be

24  limited to the extent necessary to reach a reasoned judgment that the agreement is not

25  the product of fraud or overreaching by, or collusion between, the negotiating

26  parties...").

27      The parties have notified the class of their settlement in accordance with the

28

- 2 -

1   Court's order. *See* Order re: Settlement of Class Action, September 23, 2003. The period

2   to object to the settlement ended on December 29, 2003. *Id.* Though the precise size of the

3   certified class is unknown, it undoubtedly comprises thousands of class members. As of

4   January 12, 2004, two putative class members Mohammad Z. Shah and Carlos Aragon

5   Hurtado, have objected to or commented on the settlement.

6        Mr. Hurtado does not object to the settlement, but instead writes that the

7   Immigration and Naturalization Service (INS) denied him legalization under the IRCA's

8   Special Agricultural Worker Program (SAW). *See* 8 U.S.C. § 1160. For the reasons set out

9   in the parties' Joint Report re: Objections to Settlement of Class Action, filed January 20,

10  2004, the Court finds that nothing in Mr. Hurtado's comment warrants the Court's

11  disapproving the settlement.

12       Mr. Shah asserts, among other things, that he was refused entry into the United

13  States when he returned from a trip abroad in 1998 despite being granted advance

14  parole. He objects that the settlement will not benefit individuals in his circumstance: i.e.,

15  persons who are not now present in the United States despite having been granted

16  advance parole.

17       The parties disagree over whether individuals in Mr. Shah's circumstances will

18  benefit under the settlement: Plaintiffs contend that Mr. Shah and those similarly

19  situated will be entitled to apply for class membership pursuant to the settlement and, if

20  they establish class membership, to pursue their applications for legalization under 8

21  U.S.C. § 1255a. Defendants assert that persons outside the United States are also outside

22  the scope of the settlement. The Court finds it unnecessary to resolve this disagreement.

23       Mr. Shah states that he departed the United States pursuant to advance parole,

24  and if this is so he could arguably avail himself of the procedure set out in 8 C.F.R. §

25  245a.2(m)[1] to seek readmission to the United States. *See Reno v. Catholic Soc. Servs.*, 509

26

27  _____

28  [1] 8 C.F.R. § 245a.2(m)(1) provides:

- 3 -

JAN-26-2004   05:27                                                                                                    P.05
                                    US ATTORNEY                                                               ☑005

1   U.S. 43, 67 n.29 (1993) (in this case class members "applied" for legalization at the time

2   they were front-desked or constructively front-desked). Should defendants readmit him,

3   then their argument for denying him the benefits of the settlement would be moot.

4   Further, in any settlement as complex as that before the Court, there is the potential for

5   differing interpretation. The settlement itself anticipates such disagreements and

6   establishes procedures for their resolution. *See* Settlement ¶¶ 8-9, 18.

7        At this juncture, Mr. Shah does not appear to have asserted his rights, if any,

8   under 8 C.F.R. § 245a.2(m); he has not yet applied for class membership; defendants

9   have not yet denied him benefits under the settlement; nor has he yet availed himself of

10  the settlement's dispute resolution procedures. The claims of Mr. Shah and those

11  similarly situated will be fit for judicial resolution when and if defendants deny them the

12  benefits of the settlement because they are outside the United States. It is neither

13  necessary nor appropriate that the Court resolve such potential claims now. *Cf. Reno v.*

14  *Catholic Social Services*, 509 U.S. 43, 58-59 & n.19 ("[A] class member's claim would ripen

15  only once he took the affirmative steps that he could take before the INS blocked his

16  path by applying the regulation to him.").

17       Yet even assuming, *arguendo*, that Mr. Shah were excluded from its coverage, a

18  question this Court does not resolve at this time, the settlement would nevertheless

19  satisfy Rule 23. As has been said, the test under Rule 23 is whether the settlement *taken as*

20  *a whole*, rather than the individual component parts, is fair. *Class Plaintiffs v. City of*

21  *Seattle, supra*, 955 F.2d at 1276. "Ultimately, the district court's determination is nothing

22  more than 'an amalgam of delicate balancing, gross approximations and rough justice.'"

23

24  _____

25       During the time period from the date that an alien's application establishing
         prima facie eligibility for temporary resident status is reviewed at a Service
26       Legalization Office and the date status as a temporary resident is granted, the
         alien applicant can only be readmitted to the United States provided his or her
27       departure was authorized under the Service's advance parole provisions
         contained in § 212.5(f) of this chapter.
28

                                            - 4 -

1  Officers for Justice, supra, 688 F.2d at 625 (quoting City of Detroit v. Grinnell Corp., 495 F.2d

2  448, 468 (2d Cir. 1974)).

3      Were the Court to disapprove the settlement because defendants may oppose the

4  claims of what the parties agree is a minuscule number of putative class members who

5  are no longer in the United States, thousands of class members who reside in the United

6  States at the time they apply for class membership and have a vital interest in the

7  settlement would be denied crucial benefits and compelled to continue a 17-year

8  litigation to an uncertain conclusion. Weighing these relative costs and benefits, the

9  settlement clearly meets the requirements of Rule 23.

10     Based on the foregoing, and for the reasons set forth in the parties' Joint Motion to

11  Approve Settlement of Class Action, the Court finds that the settlement is fundamentally

12  fair, adequate and reasonable. Accordingly,

13     IT IS HEREBY ORDERED that the settlement is approved.

14

15  Dated: ___1/23___, 2004.

16                                    _____
                                         United States District Judge
17

18  Presented by:

19

20

21  Peter A. Schey
    Carlos R. Holguin
22  Counsel for plaintiffs

23  / / /

24

25

26

27

28

- 5 -

1

2                            IN THE UNITED STATES DISTRICT COURT
                          FOR THE EASTERN DISTRICT OF CALIFORNIA
3                                       WESTERN DIVISION

4     CATHOLIC SOCIAL SERVICES, INC.,    )
      et al.,                            )          CIV. NO. S-86-1343 LKK
5                                        )
                                         )
              Plaintiffs                 )          JOINT STIPULATION
6                                        )          REGARDING SETTLEMENT
                                         )
7     TOM RIDGE, Secretary, U.S. Department )
      of Homeland Security, et al.,      )
8                                        )
                                         )
9             Defendants                 )
                                         )
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

7

28

1  MCGREGOR W. SCOTT
   United States Attorney
2  GLYNDELL EARL WILLIAMS
   Special Assistant U.S. Attorney
3     501 I Street
      Suite 10-100
4     Sacramento, CA 95814-2322
      Telephone: (916) 554-2700
5
   ROBERT D. McCALLUM, JR.
6  Assistant Attorney General
   Civil Division
7  DAVID J. KLINE
   Principal Deputy Director
8  EARLE B. WILSON
   Attorney
9  ANDREW C. MACLACHLAN
   Attorney
10 U.S. Department of Justice
   Office of Immigration Litigation
11    P.O. Box 878, Ben Franklin Station
      Washington, D.C. 20044
12    Telephone:   (202) 616-4277
      Facsimile:   (202) 307-0592
13
   COUNSEL FOR DEFENDANTS
14
   CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
15 Peter A. Schey
   Carlos Holguin
16 256 S. Occidental Blvd.
   Los Angeles, CA  90057
17 (213) 388-8693
18 ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
   Michael Rubin
19 177 Post Street, Suite 300
   San Francisco, CA  94108
20 (415) 391-1655
21 GIBBS, HOUSTON & PAUW
   Robert H. Gibbs
22 Robert Pauw
   1000 Second Ave, Suite 1600
23 Seattle, WA  98104
   (206) 224-8790
24
   Of Counsel:
25 STEPHEN A. ROSENBAUM, Esq.
   2212 6th Street
26 Berkley, CA  94710
27 COUNSEL FOR PLAINTIFFS
28

Plaintiffs and Defendants, by and through their undersigned counsel, hereby agree and stipulate as follows:

1. .   Class Definition

The following subclasses are entitled to relief pursuant to this Settlement Agreement:

A.   All persons who were otherwise prima facie eligible for legalization under section 245A of the INA, and who tendered completed applications for legalization under section 245A of the INA and fees to an INS officer or agent acting on behalf of the INS, including a QDE, during the period from May 5, 1987 to May 4, 1988, and whose applications were rejected for filing because an INS officer or QDE concluded that they had traveled outside the United States after November 6, 1986 without advance parole.

B.   All persons who filed for class membership under Catholic Social Services, Inc. v. Reno, CIV No. S-86-1343 LKK (E.D. Cal.), and who were otherwise prima facie eligible for legalization under Section 245A of the INA, who, because an INS officer or QDE concluded that they had traveled outside the United States after November 6, 1986 without advance parole were informed that they were ineligible for legalization, or were refused by the INS or its QDEs legalization forms, and for whom such information, or inability to obtain the required application forms, was a substantial cause of their failure to timely file or complete a written application.

For purposes of the class definition as used in subparagraph B, the phrase "filed for class membership" shall be determined in accordance with 8 C.F.R. § 245a.10.

2.   Notice to Defendants' Employees

Commencing within fourteen (14) days of the date on which this Settlement Agreement is approved by the district court, Defendants shall use good faith and reasonable efforts to distribute this Settlement Agreement or a summary attached as Exhibit 1 to all of their officers, agents and employees responsible for processing class membership claims or who may in the course of their duties supervise officers who detain or remove putative class members. Defendants shall use good faith and reasonable efforts to serve Class Counsel with copies of all supplemental instructions or guidelines issued their officers, agents or employees regarding implementation of this Settlement Agreement.

3.   Notice to Class Members

In the event that this agreement is approved by the district court, Defendants shall, within sixty (60) days from the date of the court's approval, issue a press release and a Class Notice in English and Spanish (the texts of which are attached as Exhibit 2) announcing this Settlement Agreement. The press release, Class Notice, and Class Member Applications (attached as Exhibit 3) sheet shall be distributed to the media and community-based organizations according to BCIS's normal procedure for doing so, with a copy of these lists provided to Class Counsel. The press release, Class Notice and Class Member Applications shall be posted on Defendants' web site until the end of the application period referenced in paragraph 4 below. The press release, Class Notice and Class Member Applications shall also be made available at Defendants' district offices until the end of the application period referenced in paragraph 4 below. Within sixty (60) days of the district court's approval of this Settlement Agreement and during the remainder of the application period specified in paragraph 4, Defendants shall make available to

3

1   all persons, upon request, a copy of Form I-687, Class Member Applications and instructions,
2   and Form I-765.

        4.      Application Period.
3
4       In the event that this agreement is approved by the district court, the Defendants shall,
    within thirty (30) to sixty (60) days after the issuance of Notices required in paragraph 3 above,
    commence accepting CSS Class Membership Applications, and Form I-687, Application for
5   Status as a Temporary Resident, with fee and supporting documentation, from class member
    applicants. Defendants shall continue to accept such applications for class membership and
6   temporary permanent residence for a period of one year thereafter, and no longer. Applications
    shall be deemed filed on the date postmarked in accordance with the provisions at 8 C.F.R. §
7   245a.12(a).

8       5.      Filing of Applications.

9       Individuals asserting a claim for relief under this Settlement Agreement shall file a CSS
    Class Membership Applications, and a Form I-687, Application for Status as a Temporary
10  Resident, with fee and supporting documentation.

11      The fee for filing a Form I-687 shall be the fees applicable by regulation or Federal
    Register Notice at the time of filing the application(s). (The fee for filing a Form I-687, which
12  has not changed since 1986, is currently $185 per person with a family cap of $420, but may be
    changed to reflect the current cost of adjudication). The fee for fingerprinting is currently $50
13  and the fee for filing Form I-765, Application for Employment Authorization, is currently $120.
    Except as provided for in paragraph 10, applicants seeking employment authorization must file a
14  Form I-765 with fee if they wish to receive an employment authorization document.

15      As to persons who previously filed for class membership, as that term is defined in
    paragraph 1 above, Defendants shall refund the fee for filing the Form I-687 if such person's
16  application for class membership is denied pursuant to paragraphs 7 and 8 below.

17      As to those individuals who did not previously file for class membership, as that term is
    defined in paragraph 1 above, there shall be no refund of the fee for filing the Form I-687 if such
18  person's application for class membership is denied pursuant to paragraphs 7 and 8 below.

19      6.      Adjudication of Applications for Class Membership.

20      CSS Class Membership Applications should be granted if, based on responses to
    questions asked on the applications, it appears more probable than not that the applicant meets
21  the class definition. A determination that an applicant is a class member is not binding in any
    manner on Defendants for the purposes of an adjudication on the merits of the application for
22  temporary residence which shall be conducted de novo. Class Member Applications shall not be
    denied solely because applicants do not possess documentary evidence establishing class
23  membership. Defendants shall treat information and materials submitted in connection with
    Class Member Application as confidential in accordance with 8 U.S.C. § 1255a(c)(5).
24
        7.      Intended Denials of Class Membership
25
26      Before denying an application for class membership, the Defendants shall forward the
    applicant or his or her representative a notice of intended denial explaining the perceived
    deficiency in the applicant's Class Member Application and providing the applicant thirty (30)
7   days to submit additional written evidence or information to remedy the perceived deficiency.

28

8.   Denial of Applications for Class Membership.

The Defendants shall send a written notice of the decision to deny an application for class membership to the applicant and his or her attorney of record, with a copy to Class Counsel. The notice shall explain the reason for the denial of the application, and notify the applicant of his or her right to seek review of such denial by a Special Master, on the document attached as Exhibit 4. On review, neither the Defendants nor the applicant shall be permitted to submit new evidence to the Special Master.

9.   Review by Special Master.

A.   Selection of the Special Master. Each party shall select one person, from a list of three names recommended by the other party, to serve as a Special Master. Appeals from denial of applications for class membership shall be assigned randomly to a Special Master. The two Special Masters shall jointly designate the mailing address for appeals and determine procedures for random assignment.

B.   Review of Decisions Involving Determination of Class Membership. Any decision by the Defendants denying an application for class membership may be appealed to a Special Master. Any such appeal must be post-marked within thirty (30) days of the date of mailing of the notice denying the application for class membership. The Special Master's review shall be based on the documents and other evidence submitted by the applicant, and any documentary evidence relied upon by the Defendants in reaching the decision to deny the application for class membership.

The Special Master shall be paid a fee of $125 for adjudicating each appeal under subparagraph B. Payment of this fee shall be bourne by the parties as follows:

(i)    If the appeal involves a denial of class membership based on criminal or security-related grounds, the applicant is responsible for paying the entire fee; and

(ii)   If the appeal involves a denial of class membership on other than criminal or security-related grounds, the fee shall be bourne equally by Defendants and the applicant. The applicant's portion of the fee must accompany his or her notice of appeal. Defendants must submit their portion of the fee within thirty (30) days of being notified by the Special Master that an appeal has been duly filed.

C.   Review of Other Decisions. An applicant who believes that Defendants have violated his or her individual rights pursuant to paragraphs 3, 4, 5, 7, 10, 12, and 13 of this Settlement Agreement may file a claim with the Special Master. However, prior to filing any such claim, the applicant must advise Defendants by certified mail, or other documented delivery service to an address specified by Defendants, that he or she believes that Defendants have violated his or her rights under Paragraphs 3, 4, 5, 7, 10, 12, and 13. Defendants shall have forty-five (45) days from the date they are notified of the applicant's intent to file a claim under this paragraph in which to investigate and, if appropriate, rectify any deficiency. If fifty (50) days after notifying Defendants of his or her intent to file a claim, the applicant does not receive notice that Defendants have sustained the applicant's challenge, then the applicant may file his or her appeal to the Special Master. Any such appeal must be post-marked within eighty (80) days of the date the applicant advised Defendants of the alleged violation.

5

1   The Special Master shall be paid a fee of $65 for adjudicating each appeal under this
2   subparagraph C. The applicant must pay the entire fee at the time he or she files the
    notice of appeal. If the applicant prevails on the merits of his or her appeal, Defendants
3   must reimburse the applicant the entire fee within a reasonable time after being notified
    that the applicant prevailed on appeal.

4       10.     Renewal of Employment
                Authorization Documents.
5
        The Defendants shall, without fee, reissue or renew for a period of one year employment
6   authorization for aliens who were previously issued such employment authorization and advance
    parole pursuant to interim relief orders in Catholic Social Services, Inc. v. Reno, S-86-1343. An
7   applicant shall be entitled to have his or her employment authorization renewed only during the
    application period and only one time under this provision.
8
        11.     Adjudication of Applications for Temporary Residence.
9
        The Defendants shall adjudicate each application for temporary residence filed on Form I-
10  687 in accordance with the provisions of section 245A of the Immigration and Nationality Act, 8
    U.S.C. § 1255a, regulations, and administrative and judicial precedents the INS followed in
11  adjudicating I-687 applications timely filed during the IRCA application period. In adjudicating
    I-687s pursuant to this agreement, Defendants shall utilize the standards set forth in 8 CFR
12  § 245a.18(c), or 8 CFR § 245a.2(k)(4), which ever is more favorable to the applicant. Failure to
    provide evidence other than affidavits shall not be the sole basis for finding that an alien failed to
13  meet the continuous residence requirement. For purposes of establishing residence and presence
    in 8 C.F.R. § 245a.2(b), the term "until the date of filing" shall mean until the date the alien was
14  "front-desked" or "discouraged from filing" consistent with the Class Definition. In evaluating
    the sufficiency of applicant's proof of residence, Defendants shall take into account the passage
15  of time and attendant difficulties in obtaining corroborative documentation of unlawful
    residence.
16
        12.     Time for Determining Class Membership
17              and Legalization Applications.

18      A.      Defendants shall use good faith and reasonable efforts either to approve
                applications for class membership or issue notices of intended denials within
19              ninety (90) days. If a notice of intended denial is issued, defendants shall
                endeavor to issue a final decision on the application for class membership within
20              ninety (90) days after receipt of an applicant's supplemental evidence or
                explanation, if any.
21
        B.      Defendants shall use good faith and reasonable efforts to adjudicate class
22              members' I-687 forms within one hundred and eighty (180) days of approval of
                their application for class membership.
23
        C.      If the aggregate volume of Form I-687 applications received under this Settlement
24              Agreement and the Settlement Agreement reached in Newman v. DHS, Civ 87-
                4757-WDK (C.D. Cal), exceeds two hundred forty thousand it is anticipated that
25              the approximate processing times referenced in subparagraphs A and B above will
                double.
26

7       -

28

13.   Removal of Class Applicants from the United States.

Defendants shall not remove from the United States or detain any putative class members who appear to be prima facie eligible for class membership under this Settlement Agreement and for legalization under section 245A of the INA. This paragraph shall not apply to any alien who is subject to detention or removal despite his or her having been previously determined to be eligible for class membership. For example, if, after having been deemed a class member, it is found that the alien has been convicted of a crime(s) that render(s) him or her ineligible for legalization, the alien may nevertheless be detained and removed from the United States.

14.   Reporting on Implementation of This Agreement.

Commencing four months after the beginning of the filing period, Defendants shall prepare quarterly reports setting forth the number of Class Membership applications, Forms I-687, and Forms I-765, that were received, approved, denied and pending. Copies of such reports shall be provided to Class Counsel. In the event Defendants believe good cause exists to extend the time periods set forth in paragraph 12 above, Defendants shall provide Class Counsel with a written explanation of such cause and proposed alternative target periods. The parties shall meet and confer in a good faith effort to resolve any disagreements over proposed new target periods prior to petitioning this District Court pursuant to paragraph 18 below.

15.   Costs and Attorneys Fees.

Defendants will pay plaintiffs attorneys fees and costs, as determined by a separate agreement.

16.   Duration of Agreement.

The parties agree that this agreement will become effective on the date it is approved by the Court. The agreement will remain in effect for one year after the Defendants adjudicate the last application for class membership. The Defendants agree to promptly notify Class Counsel of the date it adjudicates the last application for class membership.

17.   Dismissal of Complaint, Dissolution of Injunctive Orders and Other Decisions.

In the event the district court approves this Settlement Agreement, Plaintiffs agree to promptly move the court for dismissal with prejudice of each and every claim of the complaint, as amended, and the dissolution of any injunctive order(s) and other decisions entered by the district court.

18.   Continuing Jurisdiction.

The parties agree that notwithstanding the filing and granting of any motion pursuant to paragraph No. 17, the district court will retain jurisdiction in this action over only the matters described immediately below.

A.   Claims by plaintiffs that the Defendants have engaged in a pattern and practice of refusing to implement any of the relief set forth in this Agreement.

B.   Claims by plaintiffs that the Defendants have expressly repudiated this Agreement.

7

C.   At least sixty (60) days prior to bringing any action pursuant to this provision, the parties shall meet and confer in a good faith effort to resolve any of their differences.

D.   Any action under this provision must be brought within one year after the Defendants adjudicate the last application for class membership.

19.   Class Counsel.

Class Counsel for the purposes of this Settlement Agreement is Peter Schey and Carlos R. Holguin, Center for Human Rights and Constitutional Law, 256 S. Occidental Blvd., Los Angeles, CA 90057, telephone (213) 388-8693, facsimile (213) 386-9494, email amnestycoordinator@centerforhumanrights.org.

20.   This agreement is conditioned upon approval by the Secretary of the U.S. Department of Homeland Security, and the Deputy Attorney General, United States Department of Justice.

21.   This agreement is subject to approval by the United States District Court pursuant to Federal Rule of Civil Procedure 23.

Earle B. Wilson
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC  20044
202-616-4277
Counsel for Defendants

Robert R. Raymond
Associate General Counsel
U.S. Department of Homeland Security
Bureau of Citizenship and Immigration
Services

Dated: 4-28-03

Peter A. Schey
Carlos R. Holguin
Center for Human Rights
 and Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA  90057
(213) 388-8693
Counsel for Plaintiffs

Dated: 5-18-03

8