

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LJF:AEG/SD
F.#2007R02181

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 14, 2009

**By Hand and ECF**

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Thomas Archer et al.
           Criminal Docket No. 08-288 (S-1)(SJ)

Dear Judge Johnson:

      The government respectfully files this reply in support of its motion in limine for the admission at trial in the above-referenced case of the videotaped deposition taken pursuant to the Court's Order of June 22, 2009.  The defendants argue that the witness who was deposed is not unavailable within the meaning of Rule of Evidence 804(a)(5), and that the deposition was not adequate to protect their Sixth Amendment right to confront the witness.  Both contentions are meritless, and the Court should admit the deposition at trial.

A.   The Witness is Unavailable

      The witness who was deposed, Rahul Gupte, is unavailable for trial.  A witness is unavailable if the proponent of his deposition testimony has been unable to procure his attendance at trial "by process or other reasonable means."  See Fed. R. Evid. 804(a)(5).  A witness will not be deemed unavailable if his "absence is due to the procurement or wrongdoing of the proponent of [the testimony] for the purpose of preventing the witness from attending or testifying."  Fed R. Evid. 804(a).  The defendants do not dispute that Gupte is presently unavailable because he has left the country and therefore is not subject to service of process.[1]  See Fed. R.

---

    [1]   Gupte remains on a watch list that would trigger a notification to Immigration and Customs Enforcement if he reentered the United States.  No such notification has been triggered.

Crim. P. 17(e)(2) (subpoena of witness in foreign nation governed by 28 U.S.C. § 1783); 28 U.S.C. § 1783(a) ("A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a <u>national or resident of the United States</u> who is in a foreign country" (emphasis supplied)).  The defendants also do not contend that the government procured Gupte's absence to prevent his appearance at trial.

Instead, the defendants argue that the government failed to take a variety to steps to prevent Gupte's departure from the United States.  (Letter from Karina E. Alomar to the Hon. Sterling Johnson, Nov. 9, 2009 ("Opp."), at 5).  First, the government did take one of those steps: throughout its dealings with Gupte, the government repeatedly informed him that, even if he was deposed, he would still be expected to return for trial.  The government informed Gupte that it would make the travel and visa arrangements required for such return.  Gupte repeatedly replied that he understood and was willing to return for trial.  Second, the only step that could have guaranteed Gupte's presence at trial -- seeking his detention as a material witness -- was available to the defendants as well as to the government.  <u>See</u> 18 U.S.C. § 3144 ("If it appears from an affidavit filed by <u>a party</u> that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title." (emphasis added)).  Four and a half months passed between the government's motion to take Gupte's deposition and Gupte's unannounced departure from the United States.  The defendants thus had ample time to ask the Court to order Gupte's arrest.  They did not do so, and they should not now fault the government for not doing so either.

The cases cited by the defendants are inapposite.  In <u>United States v. Mann</u>, 590 F.2d 361, 362-63 (1st Cir. 1978), the defendant was convicted of importing cocaine after he and a co-conspirator arrived together in the United States and the co-conspirator -- but not the defendant -- was found to be carrying cocaine.  The First Circuit held that the district court had abused its discretion in granting the government's motion to depose the co-conspirator, whom the First Circuit called variously "the crucial prosecution witness," "[t]he key character in this drama," "this critical witness," and "vital."  <u>Id</u>. at 362, 363, 366, 367.  The court observed that "the case against [the defendant] was by no means clear, and was substantially, if not entirely, dependent upon the testimony of this witness."  <u>Id</u>.

at 366. The court observed that the government returned to the witness her passport and plane tickets, which had been seized when she was arrested. Id. at 366.[2] In dicta, the court went on to conclude that it was also error to admit the deposition at trial. Id. at 368. In doing so, the court noted that the result might have been different if the witness had not been so crucial to the government's case. Id. at 367 n.6. The court also observed that the witness's demeanor was not conveyed by "the cold record of the deposition," the transcript of which was read aloud at trial. Id. at 364, 367 n.8. Here, the Court granted the government's motion to take Gupte's deposition, and the defendants cannot relitigate that issue now. Though Gupte's testimony is material to the government's case -- and thus a proper subject of a deposition -- its importance is not comparable to that of the testimony at issue in Mann. Furthermore, the government did not provide Gupte with a plane ticket to leave the country. Finally, Gupte's deposition was videotaped, providing a substantially more complete record than the mere transcript created in Mann.

In United States v. Rothbart, 653 F.2d 462, 464-65 (10th Cir. 1981), the deposition at issue was taken without a prior motion pursuant to Fed. R. Crim. P. 15 with only six days' notice to defense counsel, and the prosecutor misrepresented that a magistrate judge had ordered that the deposition take place. None of these highly unusual circumstances is present here. In United States v. Olivares, 1997 WL 257479, at *1-*2 (S.D.N.Y. May 16, 1997), the court held that a witness was not unavailable when, after signing a cooperation agreement with that witness, the government consented to his release on bail pending sentencing in violation of 18 U.S.C. § 3143(a)(2) and the witness later became a fugitive. The government did not violate any statute or other authority in its handling of Gupte. Moreover, Gupte did not simply fail to appear for his immigration court date -- he has left the country.

B. The Deposition Preserved the Defendants' Sixth Amendment Rights

The defendants fully exercised their Sixth Amendment right to confront Gupte at his deposition. The defendants argue they could not properly cross-examine Gupte because they did not have access to his applications for a C visa and for an H-4 visa,

---

[2] After the witness was arrested, the district court dismissed the charges against her, prompting the government to move to take her deposition. Mann, 590 F.2d at 363.

3

suggesting that the government "fail[ed] to turn over to the defense and then destroy[ed]" these documents.  (Opp. 6).  This argument is meritless.  Before the deposition, the government provided the defendants with all files concerning Gupte kept by the immigration authorities.  (Deposition of Rahul Gupte, Aug. 11, 2009 (attached hereto as Exhibit A) ("Depo.") at 7, 9).  Those files did not contain a C visa application or an H-4 visa application.  (Depo. 8).  After the deposition, at the defendants' suggestion, the government sought the immigration files concerning Gupte's wife in case the visa applications were kept in them.  (Dep. 8).  Gupte's wife's files were destroyed in 2007 and 2008.  (See Exhibit B, attached hereto).  The government is aware of no other method by which the visa applications, if they exist, might be found.  Therefore, nothing the government could have done would have enabled the defendants to use those files to cross-examine Gupte either at the deposition or at trial.[3]

---

[3]     The defendants also assert that when Gupte left the United States "he had not yet been notified that his C visa and H-4 visa applications had been destroyed."  (Opp. 6).  The relevance of this assertion is unclear, but in any event it is likely incorrect.  As noted in the government's November 8, 2009 letter, the government asked ICE to adjourn Gupte's September 11, 2009 immigration court date to provide the defendants an opportunity to seek relief from this Court concerning Gupte's potential departure.  At the same time the government notified Gupte's counsel that his wife's immigration files had been destroyed and that the government did not expect Gupte's deposition to be re-opened.

For the reasons discussed above and in the government's November 8, 2009 letter, the Court should admit the video of Gupte's deposition at trial.

        Respectfully submitted,

        BENTON J. CAMPBELL
        United States Attorney
        Eastern District of New York

By:       /s/
        Andrew E. Goldsmith
        Soumya Dayananda
        Assistant U.S. Attorneys
        (718) 254-6498/7996

cc:  Karina E. Alomar, Esq. (by facsimile and ECF)
     Mildred Whalen, Esq. (by facsimile and ECF)