

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JAJ:AEG/SD
F.#2007R02181

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 15, 2009

**By Hand and ECF**

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

       Re:  United States v. Thomas Archer et al.
            Criminal Docket No. 08-288 (S-1)(SJ)

Dear Judge Johnson:

      The government respectfully files this letter in opposition to defendant Thomas Archer's November 13, 2009 motion in limine to preclude the testimony of Immigration Officer Mel Shatzkamer.  The defendant renews his previous objection to the testimony, arguing that the witness's testimony is unduly prejudicial and does not meet the standard required of expert witnesses.  The Court denied the defendants' previous motion to preclude Officer Shatzkamer's testimony, and it should deny the renewed motion as well.[1]

      Archer's contentions are without merit.  The defendant states that "The Government has advised that in the instant case their witness will provide testimony similar to the testimony he provided in the case of the United States v. Gupta."  (Br. 2).  The defendant asserts that the "government has further noticed the defense that their witness will further testify as to

---

    [1]    Archer mistakenly asserts that the Court granted him leave to renew his motion "prior to trial."  (Letter from Karina E. Alomar to the Hon. Sterling Johnson, Nov. 13, 2009 ("Br.", at 1).  Instead, the Court said it would permit the defense to object to specific testimony elicited at trial.  (See Status Conference, June 22, 2009 ("Tr.") (attached hereto as Exhibit A), at 13 (The Court: "When this person testifies, if you have an objection to his testimony, you object.  I'll rule on it.")).

patterns officer Shatzkamer believes indicate fraud," namely "fraud indicators." (Br. 2). The defendant also contends that the witness would testify to patterns that are not factual, but rather are a "matter of personal opinion." (Br. 2). Additionally, the defendant claims that "the government has acknowledged that officer Shatzkamer has no first-hand knowledge of the files." (Br. 3). These assertions are all incorrect.

In the government's letter dated October 31, 2008, the scope of Officer Shatzkamer's testimony was outlined for both counsel. The government explicitly stated that Officer Shatzkamer would testify about two topics. First, he will describe the CSS (LULAC) Newman legalization program, including the requirements for obtaining legalization pursuant to the program, the forms completed in connection with it, and the manner in which the program was administered. Second, Officer Shatzkamer will testify as to patterns he observed in his review of I-687 applications prepared by defendant.

In the government's letter dated January 9, 2009, the government again addressed the anticipated testimony of Officer Shatkzkamer. In the January 9, 2009 letter, the government stated:

> Officer Shatzkamer will describe the CSS (LULAC) Newman legalization program under which the I-687 applications were filed, including the requirements for obtaining legalization pursuant to the program, the forms completed in connection with it, and the manner in which the program was administered. Officer Shatzkamer will also testify as to patterns he observed in his review of I-687 applications prepared by The Law Offices of Thomas W. Archer, Esq. and related correspondence.

(Letter from Andrew E. Goldsmith to the Hon. Sterling Johnson, Jan. 9, 2009 at 1,2).

This letter also addressed the testimony of Officer Shatzkamer as it related to his prior testimony in United States v. Gupta. While the government provided the entire testimony of Officer Shatzkamer from the United States v. Gupta matter, the government does not expect the witness to testify about topics outside the description and requirements of the CSS (LULAC) Newman program. This was noted in footnote 2 of the Government's January 9, 2009 letter which stated, "To the extent that he testified about additional topics in Gupta, the government does

not expect him to do so here." (Letter from Andrew E. Goldsmith to the Hon. Sterling Johnson, January 9, 2009 at 2).

On June 22, 2009, all the aforementioned issues concerning Officer Shatzkamer's testimony were addressed before Your Honor. During this court appearance, the government's position was consistent with the October 31, 2008 letter and the January 9, 2009 letter. The government stated on the record:

> The areas that the officer will testify about are the requirements for this program that the defendants prepared applications in. . . . He's the person who reviewed all the files. He will not testify to as to any conclusion of his own that the applications were fraudulent.

(Tr. 12).

The government further addressed Officer Shatzkamer's testimony from the Gupta matter and stated again that he will not be testifying as an expert.

> There are [a] few things that he testified to in that case that we will not put him forward to testify about, arguably expert testimony that we will not go into. His testimony will really be very strictly factual about how this program worked, how these forms work.

(Tr. 12).

The government's position concerning the testimony of Officer Shatzkamer has been consistent since October 2008. Officer Shatzkamer will be testifying in a limited manner, unlike his testimony in the Gupta matter. He will not testify about "fraud indicators." Officer Shatzkamer will testify to factual patterns he found in his personal review of the files. He will not offer opinions. Accordingly, Officer Shatzkamer will be the witness who will provide the foundation testimony to admit the files into evidence and a summary chart. See Federal R. Evid. 1006 ("The contents of voluminous writings, recordings or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary or calculation").

Finally, the defendant argues that Officer Shatzkamer's testimony "fails to comport with the requirements set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)." (Br. 3). The defendant's argument is moot because the government does not intend to seek to qualify Officer Shatzkamer as an expert witness.

Thus, the Court should deny the defendants' motions to preclude Officer Mel Shatzkamer's testimony.

>Respectfully submitted,
>
>BENTON J. CAMPBELL
>United States Attorney
>Eastern District of New York

By:  _____/s/_____
     Andrew E. Goldsmith
     Soumya Dayananda
     Assistant U.S. Attorneys
     (718) 254-6498/7996

cc:  Karina Alomar, Esq. (by facsimile and ECF)
     Mildred Whalen, Esq. (by facsimile and ECF)