

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAJ:AEG/SD
F.#2007R02181

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 10, 2010

**By Hand and ECF**

The Honorable Sterling Johnson, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  United States v. Thomas Archer et al.
>      Criminal Docket No. 08-288 (S-1)(SJ)

Dear Judge Johnson:

The government respectfully and out of an excess of caution requests that the Court schedule a hearing pursuant to <u>United States v. Curcio</u>, 680 F.2d 881 (2d Cir. 1982), to address a potential conflict of interest on the part of Thomas Archer's attorney, Karina Alomar, Esq., arising out of her representation of one of Archer's co-defendants in a civil case pending in New York Civil Court.

In April 2007, Grigori Zaichik sued Archer, HK Investigations Co., David J. Gold, David J. Gold P.C., and Stephanie Bowman d/b/a Supreme Judgment Recovery, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 <u>et seq</u>., and New York General Business Law § 349.  (<u>See</u> Verified Class Action Complaint (N.Y. Sup. Ct. Apr. 13, 2007) (hereafter "Compl."), attached hereto as Exhibit A).  Ms. Alomar represents Bowman in the case.  (<u>See</u> Notice of Motion for Summary Judgment Pursuant to CPLR 3212, Index No. 300560TS07 (N.Y. Civ. Ct. Feb. 19, 2009) (hereafter "Notice"), attached hereto as Exhibit B).  According to the complaint, Gold sued Zaichik for an allegedly unpaid credit card debt, failed to provide him notice of the suit, and obtained a default judgment. (Compl. ¶¶ 17, 21).  Gold then hired HK Investigations to collect the judgment. (Compl. ¶ 23).  HK Investigations in turn hired Supreme Judgment to collect the judgment.  (Compl. ¶ 24).  Archer signed an Information Subpoena and Restraining Notice on behalf of Supreme Judgment and HK Investigations, and the subpoena was served on Chase Manhattan Bank, where Zaichik had an account.  (Compl. ¶¶ 25, 28).  The bank then executed on Zaichik's money.  (Compl. ¶ 43).  Archer, acting on behalf of Supreme Judgment, also took

action against an account held by Zaichik at Apple Bank.  (Compl.
¶¶ 48, 50).  Zaichik asserts that the defendants used deceptive
means to collect a debt, in violation of state and federal law.
(Compl. ¶¶ 69-80).  The case was transferred to New York Civil
Court and is pending.

        The government is not aware of any cross-claim filed by
Bowman against Archer or by Archer against Bowman.  The
circumstances suggest, however, that such claims may be possible.
Either Bowman or Archer could argue that the other is responsible
for any misconduct that occurred.  Indeed, in a notice of a
motion for summary judgment dated February 19, 2009, Bowman
sought summary judgment "in favor of the defendant Stephanie
Bowman d/b/a Supreme Judgment Recovery, against the plaintiff and
the defendant HK Investigations Co, David Gold and Thomas
Archer."  (Notice at 1 (emphasis added)).

        In short, Archer's lawyer in the case before Your Honor
represents Archer's co-defendant -- potentially an adverse party
to Archer -- in a pending civil lawsuit.  Bowman may have an
interest in Archer's criminal case that conflicts with Archer's
interest.  For example, if Archer is convicted of fraud, that
conviction may support a claim by Bowman against Archer in the
civil litigation.[1]  Ms. Alomar's obligations to Bowman therefore
may conflict with her obligations to Archer.

        When a court has been informed of the possibility of a
defense counsel's conflict of interest, it has a threshold
obligation to "investigate the facts and details of the
attorney's interests to determine whether the attorney in fact
suffers from an actual conflict, a potential conflict, or no
genuine conflict at all."  United States v. Levy, 25 F.3d 146,
153 (2d Cir. 1994).  If the district court determines that the
defense counsel has an actual or potential conflict, the court
has a "disqualification/waiver obligation" to determine whether
the conflict is so severe as to obligate the court to disqualify
the attorney or a lesser conflict that can be waived in a Curcio
hearing.  Id.  Specifically, the court should: 1) "advise the
defendant of the dangers arising from the particular conflict;"
2) "determine through questions that are likely to be answered in
narrative form whether the defendant understands those risks and
freely chooses to run them;" and 3) "give the defendant time to
digest and contemplate the risks after encouraging him or her to

_____

        [1] It appears that Archer's alleged misconduct with respect
to Zaichik post-dates his alleged criminal conduct.

seek advice from independent counsel." <u>Id</u>. at 153 n.4 (internal quotation marks omitted).

Accordingly, we request that the Court conduct a <u>Curcio</u> hearing to explore the potential conflict of interest and determine whether Archer wishes to knowingly and voluntarily waive his right to conflict-free counsel.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York

By: _____/s/_____
Andrew E. Goldsmith
Soumya Dayananda
Assistant U.S. Attorneys
(718) 254-6498/7996

cc: Karina Alomar, Esq. (by facsimile and ECF)
    Mildred Whalen, Esq. (by hand and ECF)