```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   --------------------------------------x
     UNITED STATES OF AMERICA,
 3
                versus                      08 cr 0288(SJ)
 4
     THOMAS ARCHER AND RUKHSANA RAFIQUE,
 5
                          DEFENDANTS.       U.S. Courthouse
 6                                          Brooklyn, New York
     --------------------------------------x
 7                                          October 24th, 2008

 8                                          9:30 a. m.

 9              TRANSCRIPT OF STATUS CONFERENCE

10        Before THE HONORABLE STERLING JOHNSON,

11             UNITED STATES DISTRICT JUDGE

12                       APPEARANCES

13   Representing the Government:  Benton J. Campbell
                                   United States Attorney
14                                 Eastern District of New York
                                   One Pierrepont Plaza
15                                 Brooklyn, New York 11201
                                   BY:  ANDREW E. GOLDSMITH, ESQ.
16
     Representing the defendants:  ALOMAR & ASSOCIATES, PC
17                                 (For Thomas Archer)
                                   60-89 Myrtle Avenue, 2nd Floor
18                                 Ridgewood, NY 11385
                                   BY:  KARINA E. ALOMAR, ESQ.
19
                                   FEDERAL DEFENDERS OF NY, INC.
20                                 (For Rukhsana Rafique)
                                   16 Court Street
21                                 Brooklyn, NY 11216
                                   BY: MILDRED M. WHALEN, ESQ.
22   REPORTED BY:
     Lisa Schmid, CCR, RMR
23   225 Cadman Plaza East
     Brooklyn, New York 11201
24   Phone:  718-613-2644 Fax:  718-613-2379
     Proceedings recorded by mechanical stenography.  Transcript
25   produced by computer-aided transcription.
```

1          THE COURT:  Be seated.

2          THE CLERK:  United States versus Thomas Archer and

3   Rukhsana Rafique.

4          MR. GOLDSMITH:  Good morning, Judge.

5          THE CLERK:  Counsel, state your appearances.

6          MR. GOLDSMITH:  Andrew Goldsmith for the government.

7   Good morning, Your Honor.

8          MS. ALOMAR:  Karina Alomar on behalf of Mr. Archer.

9          MS. WHALEN:  Federal Defenders of New York by Mildred

10  Whalen for Rukhsana Rafique.

11         THE COURT:  What's the story on this?

12         MR. GOLDSMITH:  Your Honor, the last time we were

13  here, we were under some discussion with the defense.  They

14  wanted to know whether we would be introducing expert

15  testimony.  We do not anticipate putting in what we believe is

16  expert testimony.

17         As you recall, this is a visa fraud case.  The

18  defendants filed on behalf of a number of other people --

19         THE COURT:  Visa official documents, as opposed to the

20  credit card?

21         MR. GOLDSMITH:  That's correct, Your Honor.

22         There are -- we have turned over, I believe, more than

23  150 applications filed by the defendants or prepared by the

24  defendants.

25         We do anticipate putting on someone from ICE, who will

testify in two areas:  One, about general terms about the rules
of the program to which these applications were made.  And then
secondly, will testify in the manner of a summary exhibit as to
what he found when he reviewed the applications.  He will not
--

THE COURT:  Policies and practices, basically?

MR. GOLDSMITH:  In part.  On the first side.  This is
a program where people could apply to have their status
adjusted, and he will testify as to what the rules to qualify
for the program are.

On the second part, on the actual applications, he
will testify as to patterns that he observed in the
applications.  He will not testify to any opinion about whether
those patterns are evidence of fraud or anything like that.
He'll just testify factually as to what was contained in the
applications.

THE COURT:  Okay.

MS. WHALEN:  Your Honor, I think we would request an
in limine motion schedule at this point.

First, we would object to this agent testifying
because we believe he's going to go beyond policies and
practices, so we would like to brief that issue.

The second issue that we would want to deal with is,
with this great number of applications, the 150 that came from
the office, I believe the government in that summary chart is

1    going to be introducing them not only to show similarities

2    between those applications, but I think there's also going to

3    be a 404(b) motion with respect to those, which we would also

4    want to brief, and try to limit the number of other

5    applications.

6          THE COURT:  But at the present, there is no 404(b)

7    application, is there?

8          MS. WHALEN:  No.  Just we orally discussed it.  The

9    government's given us oral notice.

10         THE COURT:  All right.

11         MS. WHALEN:  None of this has been formally presented

12    to us.  These are our discussions, but I guess that's why I'm

13    asking for a motion schedule.

14         THE COURT:  What date do you want for your motions?

15         MS. WHALEN:  I guess if we could get a letter from the

16    government, outlining what they intend to present.

17         THE COURT:  Give me a date for the motions.

18         MR. GOLDSMITH:  Your Honor, if I could mention one

19    other thing?  Currently, the indictment has one conspiracy

20    count and three substantive counts.  So each substantive count

21    refers to a specific application.

22         If we do go to trial, the government intends to

23    supersede and add --

24         THE COURT:  You'll supersede before you go to trial?

25         MR. GOLDSMITH:  Yes, Your Honor.

1          And add some relatively small number of additional

2    substantive counts, addressing additional applications -- not a

3    hundred.

4          THE COURT:  Well, let me deal with this right now, and

5    if you are going to supersede, I do not want to delay this

6    matter, waiting for the government to supersede.  Let's do it

7    and get it over with.

8          MR. GOLDSMITH:  Very well, Your Honor.

9          THE COURT:  Now, we will give you a date for motions.

10         When can you supersede?

11         MR. GOLDSMITH:  Within 30 days, Your Honor.

12         MS. WHALEN:  Your Honor, I've spoken to my colleague.

13   She -- because she'll be out of the office for some portion of

14   December, so we're asking for the 12th of December -- or

15   November.  We're asking for the 12th of December for our

16   motions, and at this point, we should have the superseded

17   indictment.

18         THE COURT:  Okay.  When does the government want to

19   respond?

20         MR. GOLDSMITH:  Two weeks, Your Honor.

21         THE COURT:  That's the 24th, Christmas Eve?

22         THE CLERK:  Twenty-sixth.

23         MS. WHALEN:  That's the day after.

24         MR. GOLDSMITH:  That's fine, Your Honor.

25         THE COURT:  You will have it in before then, huh?  And

1    then we'll put it down for a status conference sometime in

2    January.  By that time, a superseding should be filed by then,

3    huh?

4           MR. GOLDSMITH:  Yes, Your Honor.

5           MS. WHALEN:  I just, for one, I know that

6    Mr. Goldsmith is a new U. S. Attorney, but I don't personally

7    believe in torture.  So if he wants to put his response over

8    into the first week of January, I would have no objection to

9    that.

10          MR. GOLDSMITH:  That's fine, Your Honor.

11          THE COURT:  Okay.  I will deem motions have been made

12   now, so time will be excluded.

13          MR. GOLDSMITH:  Thank you, Your Honor.

14          MS. ALOMAR:  Your Honor --

15          THE COURT:  Let's get a date for January, for the

16   government's response.

17          THE CLERK:  January 9th.  And so -- for the

18   government's response.

19          THE COURT:  Counsel, you want to say something?

20          MS. ALOMAR:  Yes, Your Honor.

21          Previously, a request was made to the government,

22   where we requested that they provide us with cooperation

23   agreements that they have for their witnesses.  To date, we

24   haven't received it.

25          In addition to that, at the last status conference

1   that we had, we had made a request that the government provide

2   the A file for Mr. Surgi Singh.

3          THE COURT:  First of all, cooperation agreement,

4   that's 3500 material, isn't it?

5          MS. ALOMAR:  Correct.

6          THE COURT:  You're not entitled to that under Rule 16.

7          MS. ALOMAR:  Well, we're entitled to Giglio material.

8   We believe that would have Giglio material.

9          THE COURT:  But you don't know.

10         You want to say something about that?

11         MR. GOLDSMITH:  Just what Your Honor said, that it

12  would be 3500.  As to the Giglio material, if there is anything

13  we're obligated to turn over, we'll do so.

14         THE COURT:  Okay.  What else are you looking for?

15         MS. ALOMAR:  Your Honor, during the last court

16  appearance, we had made a request that we be provided with the

17  A file for Mr. Surgi Singh.  Mr. Surgi Singh was an employee of

18  Mr. Archer.  Mr. Surgi Singh conducted many of the interviews,

19  especially the ones that are a result of the indictment.

20         And we have discovered, through our own investigation,

21  that the government agents have, in fact, spoken to Surgi

22  Singh, and we have been advised by the government that they

23  will not be calling Mr. Surgi Singh as a witness.  But we

24  believe that his file will contain possible, you know, possible

25  has Brady material as to this case, and we are requesting that

1  file.

2          MR. GOLDSMITH:  Your Honor, I hadn't understood that

3  the defense believed that the file contained Brady material.

4          I had spoken to ICE about providing the file to

5  defense counsel.  ICE tells me that if defense counsel obtained

6  a Court-ordered subpoena for that file, that ICE would move to

7  quash it.  They -- ICE will not permit me to turn the file over

8  to defense counsel.  If defense counsel wants to obtain that

9  subpoena, we can litigate that issue, but it's not -- I cannot

10  turn that file over.

11          MS. ALOMAR:  Your Honor, I also would like to make a

12  notation that one of the documents that has been provided by

13  the government in discovery is a letter, and in that letter, it

14  states that what resulted in the investigation was a letter

15  that the government received where it states that Mr. Surgi

16  Singh, who works for Mr. Archer, was an individual who was

17  performing visa fraud.  So we believe that this material is

18  necessary for the defense, and we would be requesting this

19  information.

20          MS. WHALEN:  Your Honor, could we provide you with a

21  Court-ordered subpoena for the A file, and if the government

22  would accept service on behalf of INS, then they could move to

23  quash, and we could come back.

24          THE COURT:  That's what I suggest.  You ask for a

25  subpoena.  I will sign it.  They'll be a motion to quash.

1    We'll litigate it, and then we'll see what happens.  Okay?

2            MS. WHALEN:  Thank you, Your Honor.

3            MR. GOLDSMITH:  Thank you, Your Honor.

4            THE COURT:  Anything else?

5            MR. GOLDSMITH:  No, Your Honor.

6            THE COURT:  Next date is --

7            THE CLERK:  January 16th, at 9:30.

8            THE COURT:  In the interim, if there is going to be a

9    superseding, let's have it by then.

10           MR. GOLDSMITH:  Yes, Your Honor.

11           THE COURT:  Now, the other thing is, how long would

12   this trial take?

13           MR. GOLDSMITH:  I think approximately a week, Your

14   Honor, for the government.

15           THE COURT:  Okay.  How long is the defense?

16           MS. WHALEN:  Your Honor, I think the defense case

17   would probably only be a day or two more, so I don't think more

18   than a week and-a-half.

19           THE COURT:  You're talking about seven to ten days?

20           MR. GOLDSMITH:  Yes.

21           THE COURT:  Okay.  All right.

22           MS. WHALEN:  Thank you.

23           MR. GOLDSMITH:  Thank you, Your Honor.

24           (Proceedings concluded.)

25